Brainard et al *v.* Reynolds et al.

---

### L. R. & A. O. Brainard *v.* Martin & J. W. Reynolds.

#### *Promisory Note. Guaranty. Lien.*

The defendants transferred two notes with a lien upon a canal boat given to secure their payment, to the plaintiffs, and executed a guaranty to secure their ultimate payment, conditioned that the plaintiffs should use all proper and reasonable means to collect the notes of the maker before resorting to the defendants upon their guaranty. *Held,* that the lien upon the boat was one of the means which the plaintiffs were bound to use for the collection of the notes before they could resort to the guaranty, if by reasonable diligence it could be done.

Whether the plaintiffs failed to exercise reasonable diligence, and what would have been realized by the plaintiffs from the boat, if they had exercised such diligence, were questions for the jury.

Assumpsit upon a guaranty for the payment of two notes. Plea, the general issue. Trial by jury, September Term, 1863, Peck, J., presiding.

The notes were executed by W. C. & H. W. Wait, payable to the defendants. The other material facts are stated in the opinion.

.The court held upon the facts not in dispute that the defendants were entitled to a verdict and directed a verdict accordingly, —to which the plaintiffs excepted.

*H. R. Beardsley*, and *H. S. Royce*, for the plaintiffs.

*Edson & Rand*, for the defendants.

PIERPOINT, J. The questions in this case are as to the correctness of the decision of the county court, determining the construction of the contract of guaranty, and are upon fixing the plaintiffs' liabilities and obligations under it, and in directing a verdict for the defendants.

It appears that the notes of the Waits, which were transferred by the defendants to the plaintiffs, to secure the ultimate payment of which, the guaranty now in suit was executed, were given by the Waits to the defendants in payment for a canal boat. At the time these notes were executed, the Waits executed to the defendants a contract or obligation, by which they gave to the defendants a lien upon the boat to secure the payment of the notes. At the time the defendants transferred these notes to the plaintiff, and executed the guaranty, and as a part of the same transaction, they transferred and assigned to the plaintiffs to secure the payment of said notes, the obligation and lien which they had thus acquired from the Waits.

The county court decided that in view of the conceded facts, and within the meaning of the guaranty, this lien or mortgage upon the boat, was one of the means which the plaintiffs were bound to use for the collection of the notes, before they could resort to the guaranty.

The condition to the guaranty is in these words : " That the " said Brainards shall, before pursuing us on this agreement, use " all reasonable endeavours, and means, to collect the sums of " the said notes, but in case they fail to get pay on said notes, " after the use of all proper and reasonable means, we are to be " held to the payment of the same as above." Whether this condition imposes any greater obligation upon the plaintiffs than the law, under the circumstances, would have imposed, if there had been no specific condition annexed, is a question that we need not now spend time upon, the parties are bound by the agreement as they made it, and by its terms the plaintiffs are bound to use in the first instance, all reasonable endeavours and means to collect the money of the makers of the notes. The de-

fendants at the time they entered into the agreement, placed in the hands of the plaintiffs a mortgage, creating a lien upon the boat, that might be made the means of collecting the money of the Waits, the makers, and it was placed there for the very purpose of securing such payment.

It seems to us preposterous to say that, under such circumstances, the plaintiffs are under no obligation to resort to this security as a means by which to obtain the money of the makers of the notes, if, by reasonable diligence in that respect, it could be made available for that purpose. This must have been the understanding of the parties at the time of the transaction; why else was it assigned to the plaintiffs? The defendants thereby placed it entirely beyond their control, they could do nothing to enforce it, and if the plaintiffs would not, the security might be entirely lost, as in fact it was, but independent of these considerations, we think the simple fact that they held this security in their hands, imposed on them the obligation of using it as a means of collecting the money of the Waits, if by reasonable diligence it could be done. The decision of the county court in this respect was correct.

Did the plaintiffs omit to exercise reasonable diligence to enforce this lien? This must depend upon a great varity of circumstances: the situation of the parties, the nature and condition of the property, the place where it was, and the season of the year. The note fell due on the 1st of December, 1853, the boat at that time was in Lake Champlain, employed in the transportation business, passing from one port to another, remaining but a short time in any one place, being most of the time in the state of New York. And so continued up to the 1st of January, 1864, when it was frozen into the ice in Plattsburgh. It does not appear that up to this time the plaintiffs knew where the boat was, or that by reasonable dilligence they could have ascertained. After the boat was frozen in at Plattsburgh, could the plaintiffs have made their security available there, either for enforcing the payment, or securing the possession of the boat? That would depend very much upon the laws of the state of New York in regard to liens of this character.

But suppose they had exercised due diligence, and had

obtained possession of the boat, what could they have realized from it in payment upon the debt? They were not obliged to take the boat at its value, or at any price, but would have had the right to dispose of it according to the law regulating property held in pledge, and to apply the proceeds accordingly. It cannot be assumed as a matter of law, that because the value of the property is more than the debt, that the whole amount of the debt would be realized when the property is thus disposed of. This is only a piece of evidence to be judged of by the jury, and if they should find that enough would not have been realized to pay the whole debt, then the plaintiffs would be entitled to recover the balance in this suit.

We think therefore, that this whole matter should have been submitted to the jury, for them to determine under proper instructions from the court as to the law of the case, whether the plaintiffs have failed to exercise reasonable diligence, and what would have been realized by the plaintiffs from the boat if they had exercised such diligence.

Judgment reversed and the case remanded.