[S. F. No. 1351.   Department Two.—May 3, 1900.]

HENRY PIERCE et al., Respondents, v. SAMUEL MERRILL et al., Defendants.   GEORGE H. BONEBRAKE and F. C. HOWES, Appellants.

GUARANTY OF DEBT OF CORPORATION—NOTE SECURED BY MORTGAGE—BREACH OF GUARANTY—STATUTE OF LIMITATIONS.—A guaranty by stockholders of a corporation of the payment of a loan to the corporation secured by the corporate note and mortgage, "with interest thereon at the times and according to the terms expressed in said note and mortgage," is an absolute and unconditional guaranty, not dependent upon any condition of the foreclosure of the mortgage, and the exhaustion of the mortgage security; and a breach thereof occurred upon which to base an action when the note therein mentioned fell due and remained unpaid, and an action upon the guaranty was barred by the statute of limitations at the expiration of four years thereafter.

ID.—DISTINCTION BETWEEN GUARANTY OF PAYMENT AND INDEMNITY AGAINST LOSS. — An unconditional guaranty of payment is to be distinguished from a conditional guaranty in the nature of a contract of indemnity against loss.   In the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity; while in the second case, no liability is incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor.

ID.—CONSTRUCTION FROM CONDUCT OF PARTIES—UNAMBIGUOUS LANGUAGE. It is only an ambiguous contract that can be construed in the light of the conduct of the parties; and where the language of an unconditional contract of guaranty is clear and unambiguous, the court will be guided only by the language used, and construe the intention of the parties to have been according to the terms of their agreement.

ID.—REQUEST FOR POSTPONEMENT OF FORECLOSURE SALE.—The request of the guarantor for the postponement of a foreclosure sale against the corporation, made more than four years after the note and guaranty fell due, cannot affect the right of the guarantors to contend that the guaranty was unconditional and was barred by limitation.

ID.—WRITTEN ACKNOWLEDGMENT OF INDEBTEDNESS — PLEADING — DEMURRER.—If the plaintiffs rely upon a written acknowledgment of the indebtedness of the guarantors to take the guaranty out of the operation of the statute of limitations, they must allege it in the complaint; and if it is not alleged, and the complaint

shows a breach of the guaranty more than four years before the commencement of the action, it is insufficient as against a demurrer based on the statute of limitations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

Shortridge, Beatty & Brittain, and F. P. Flint, for Appellants.

The guaranty was absolute and unconditional, and was broken at maturity of the debt of the corporation. (Civ. Code, secs. 2806, 2807; *Coburn v. Brooks*, 78 Cal. 444-48; *First Nat. Bank v. Babcock*, 94 Cal. 104; 28 Am. St. Rep. 94; *Adams v. Wallace*, 119 Cal. 67; *Fessenden v. Summers*, 62 Cal. 484; *Chafoin v. Rich*, 77 Cal. 477; *Bouche v. Louttit*, 104 Cal. 230; *Roberts v. Riddle*, 79 Pa. St. 469, 470; *Klein v. Kern*, 94 Tenn. 34; *Huff v. Slife*, 25 Neb. 448; 13 Am. St. Rep. 497; *Flentham v. Stewart*, 45 Neb. 640; *Maxwell v. Capehart*, 62 Minn. 377; *Hooper v. Hooper*, 81 Md. 155; 48 Am. St. Rep. 496; *Hungerford v. O'Brien*, 37 Minn. 306; *Clay v. Edgerton*, 19 Ohio St. 549-54; 2 Am. Rep. 422; *Allen v. Rightmere*, 20 Johns. 365; 11 Am. Dec. 288; *Brown v. Curtiss*, 2 N. Y. 225; *Mann v. Eckford's Executors*, 15 Wend. 502-9.) The general demurrer should have been sustained, the action appearing upon the face of the complaint to have been barred by limitation. Cases relating to conditional guaranties, such as guaranties of collection, or to pay the deficiency on a mortgage sale, and the like, are inapplicable.

E. S. Pillsbury, and Alfred Sutro, for Respondents.

The cause of action was not barred by the statute of limitations. The guaranty is conditional and not absolute, and contemplated the foreclosure of the mortgage. (Civ. Code, sec. 2800; *Barman v. Carhartt*, 10 Mich. 338; *Briggs v. Norris*, 67 Mich. 325; *Cottrell v. New London Furniture Co.*, 94 Wis. 176; *Borden v. Gilbert*, 13 Wis. 670; *Bouche v. Louttit*, 104 Cal. 230; *Newell v. Fowler*, 23 Barb. 628; *Mains v. Haight*, 14 Barb. 76;

*Burton v. Dewey,* 4 Kan. App. 589; *Kramph v. Hatz,* 52 Pa. St. 525; *Brainard v. Reynolds,* 36 Vt. 614; *Dussol v. Bruguiere,* 50 Cal. 456; *Cereghino v. Hammer,* 60 Cal. 235; *Evans v. Bell,* 45 Tex. 553; *Lemmon v. Strong,* 55 Conn. 443; *Dwight v. Williams,* 4 McLean, 581; *Curtis v. Smallman,* 14 Wend. 231.) Guaranties are to be construed most strongly against the guarantor. (*Drummond v. Prestman,* 12 Wheat. 515, 518; *Lawrence v. Mc-Calmont,* 2 Hun, 426; *Crist v. Burlingame,* 62 Barb. 351, 357; *Belloni v. Freeborn,* 63 N. Y. 383; *Bailey v. Larchar,* 5 R. I. 530; *Rapelye v. Bailey,* 5 Conn. 149; 13 Am. Dec. 49.) The practical construction put on the contract by the parties must control. (*Knox Co. v. Ninth Nat. Bank,* 147 U. S. 91, 99; *Topliff v. Topliff,* 122 U. S. 121, 131; *Hill v. McKay,* 94 Cal. 5, 20; *Savings etc. Soc. v. Burnett,* 106 Cal. 514, 531.) Plaintiff was not required to plead any matter in the complaint in avoidance of the statute of limitations. (*Curtiss v. Aetna Life Ins. Co.,* 90 Cal. 245, 249; 25 Am. St. Rep. 114; *Sterling v. Smith,* 97 Cal. 343, 346; *Williams v. Dennison,* 94 Cal. 540.)

GRAY, C.—This is an appeal of the defendants Bonebrake and Howes from a judgment in favor of plaintiffs for twenty-one thousand four hundred and fifty-eight dollars and ninety-seven cents and costs, and from an order denying defendants' motion for a new trial.

The action was brought to recover on a written guaranty, in words and figures as follows:

"Los Angeles, Cal., June 10, 1889.
"To Henry Pierce, Emily F. Pope, and W. H. Talbot, Trustee, San Francisco, California:

"In consideration of your making a loan to the Semi-Tropic Land and Water Company, a corporation, having its principal place of business at Rialto, San Bernardino, of the amount of $50,000, and taking as security therefor a 2nd mortgage upon its property;

"And in consideration of your refraining from putting the same on record;

"We, the undersigned, guarantee the payment of the said loan, with interest thereon at the times and according to the terms expressed in said note and mortgage, and pledge herewith

(1,500) fifteen hundred shares of the capital stock of said company now standing in our names, in the following proportions: Sam'l Merrill, (600) six hundred shares; Geo. H. Bonebrake, (500) five hundred shares; and F. C. Howes, (400) four hundred shares; and we authorize the pledging of our further interest of (2-3) two-thirds of (10,000) ten thousand shares of said stock now in the treasury of said company.

"And, whereas, the said first parties have deposited with second parties the first above mentioned 1,500 shares of the capital stock of the Semi-Tropic Land and Water Company;

"Now, it is understood by and between all of the parties that upon payment of said note and satisfaction of said mortgage that said 1,500 shares of stock shall be redelivered to the said Merrill, Bonebrake, and Howes, in the proportions in which it has been delivered by them.

"Witness our hands and seals the day and the year first above written.                    "SAM'L MERRILL.
                    "GEO. H. BONEBRAKE.
                    "F. C. HOWES."

The complaint was filed January 31, 1896, and sets out a copy of the above guaranty and then proceeds as follows:

"That in consideration of said guaranty, and in reliance thereon, the plaintiffs did, on the twelfth day of June, 1889, loan to the said Semi-Tropic Land and Water Company the said sum of fifty thousand dollars, and that thereupon, and on said twelfth day of June, the said company made its promissory note for fifty thousand dollars, payable to the plaintiffs on or before June 1, 1891, in United States gold coin, with interest at the rate of eight per cent per annum, payable quarterly, and to secure the payment thereof, according to its tenor, made, executed, and delivered to the plaintiffs a second mortgage upon its property, and which property was situated in the said county of San Bernardino. That thereupon the plaintiffs agreed to refrain, and did thereafter, pursuant to the terms of the said guaranty, always refrain from putting the said mortgage on record, and the said mortgage was never recorded.

"That at the same time with the execution and delivery of the said note and mortgage by the said company as aforesaid, and as a part of the same transaction, the defendants delivered .

to the plaintiffs the said agreement and guaranty, and also then delivered to them in pledge, pursuant to the terms of said guaranty, and to secure the performance thereof, certificates for fifteen hundred shares of the capital stock of said Semi-Tropic Land and Water Company, whereof the defendant Samuel Merrill contributed six hundred shares, the defendant George H. Bonebrake five hundred shares, and the defendant F. C. Howes four hundred shares. That the said mortgage executed and delivered to the plaintiffs by the said Semi-Tropic Land and Water Company as aforesaid was a second mortgage upon the property described therein, and that the plaintiffs would not have loaned the said sum of fifty thousand dollars to the said company upon the security of the said second mortgage, and would not have refrained from recording the same but for the said guaranty, and that the plaintiffs loaned the said sum of fifty thousand dollars to the said company upon the security of the said second mortgage in reliance solely upon the said guaranty so as aforesaid delivered to them by the defendants."

The complaint then goes on to state that certain amounts were paid at various dates on account of the interest and principal of said promissory note, and that on January 25, 1894, plaintiffs brought an action against the said Semi-Tropic Land and Water Company to enforce the payment of the residue of said note and foreclose said mortgage, and such proceedings were had that on the eighth day of July, 1895, a decree was duly made and entered fixing the amount then due on said note at the sum of thirty-two thousand five hundred and seventy-three dollars and forty-four cents, and directing that the premises mortgaged be sold to satisfy that sum; that after a sale and application of the proceeds thereof there remained a deficiency of some nineteen thousand and twenty-four dollars and eighty-five cents due on said note, and judgment for that sum was entered against said defendant therein; that an execution was issued thereon and returned wholly unsatisfied; that the said Semi-Tropic Land and Water Company has no property, is insolvent, and no part of said amount can be collected from it; and no part of the same has been paid. It is also alleged that defendants had notice of said foreclosure sale, and that the

same was once postponed for the period of four weeks at the instance and request of defendants. The prayer of the complaint is for judgment against defendants in the amount of said deficiency, together with interest and costs, and that said fifteen hundred shares of said stock be sold and the proceeds applied on said indebtedness, and that a judgment for any deficiency be entered against defendants.

The appellants demurred to said complaint, and, among other grounds, they pleaded the four year statute of limitations by reference to the provisions of sections 337 and 343 of the Code of Civil Procedure.

The demurrer was overruled, and in their answer, among other defenses, appellants again pleaded the four year statute of limitations. A trial was had, and plaintiffs had judgment as demanded in their complaint.

It will be seen from the complaint that this action was commenced about four years and seven months after the note guaranteed was due; and hence, if the residue of the note was due from defendants on the date on which they agreed in their guaranty it should be paid, the cause of action set out in the complaint was barred and the demurrer should have been sustained. But respondents contend that to the guaranty was attached the condition precedent that the security consisting of the second mortgage should be exhausted before the guarantors were liable for anything and before any action could be maintained against them, and that consequently the statute of limitations did not begin to run on the guaranty until the mortgage was foreclosed and the deficiency for which they were to be liable had been ascertained. We are of opinion, however, that the guaranty was absolute and unconditional, and that a breach thereof occurred, upon which to base an action, when the note therein mentioned fell due and remained unpaid. (*London etc. Bank v. Smith*, 101 Cal. 415; *Adams v. Wallace*, 119 Cal. 67; *Roberts v. Riddle*, 79 Pa. St. 469; *Klein v. Kern*, 94 Tenn. 34; *Huff v. Slife*, 25 Neb. 448; 13 Am. St. Rep. 497; *Shropshire v. Smith* (Tex. Civ. App. 1896), 37 S. W. Rep. 174; *Maxwell v. Capehart*, 62 Minn. 377; *Clay v. Edgerton*, 19 Ohio St. 549; 2 Am. Rep. 422; *Brown v. Curtiss*, 2 N. Y. 225; *Coburn v. Brooks*, 78 Cal. 443; *First Nat. Bank v. Babcock*, 94 Cal. 96; 28 Am. St. Rep. 94.)

"A guaranty is to be deemed unconditional unless its terms import some condition precedent to the liability of the guarantor." (Civ. Code, sec. 2806.)   "A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice." (Civ. Code, sec. 2807.)   Whether or not the condition contended for attached to the guaranty is to be determined from the language of the contract. (*Adams v. Wallace, supra.*)   The guaranty is of payment at the times expressed in the note and mortgage. It does not follow because a part of the consideration of the guaranty was that the guarantees should take a second mortgage and refrain from recording the same that it was also understood to be a condition to the liability of the guarantors that such mortgage should be foreclosed and a deficiency ascertained. The language of the contract does not import any such condition, but, on the contrary, negatives any presumption to that effect.   To hold that payment was not to be made by defendants until after a foreclosure of the mortgage would be to ignore their agreement that payment should be made "at the times and according to the terms of said note and mortgage."   The intention of the parties as it is to be derived from the language used is to control in the construction of a contract; and this rule applies to time of performance as well as to all other matters; and when the time of performance is expressed, as it is here, in plain, unambiguous terms, the court will not presume that some other time was intended.   The plaintiffs here were in the position of creditors having their claim secured by two several written obligations, each of said obligations being also secured by a distinct lien, one of which consisted of the second mortgage and the other was on the hypothecated shares of stock. These obligations fell due simultaneously, and plaintiffs had a right to proceed at once thereafter upon either or both of them to enforce payment of the amount due.

It appears from the complaint that action could have been properly brought against the guarantors for the entire fifty thousand dollars on the second day of June, 1891.   More than four years after that date this action was begun, and it follows that the cause of action set out in the complaint was then barred by the statute of limitations, and the demurrer should have been sustained on that ground.

Respondents, in support of their contention that the guaranty sued on is conditional, and that the guarantors were not liable until the mortgage security was exhausted, cite the following cases: *Dutton v. Pyle,* 45 Atl. Rep. 429; *Cottrell v. New London Furniture Co.,* 94 Wis. 176; *Burton v. Dewey,* 4 Kan. App. 489; *Bouche v. Louttit,* 104 Cal. 230; *Newell v. Fowler,* 23 Barb. 628; *Borden v. Gilbert,* 13 Wis. 670; *Kramph v. Hatz,* 52 Pa. St. 525; *Brainard v. Martin,* 36 Vt. 614.   Many other cases are cited by respondents; we have examined all of them and find that in none (except in some of the Pennsylvania cases which seem to be in irreconcilable conflict with others in the same state) was the guaranty one of payment, as in the case at bar.   In most of them the contract was one of indemnity against loss, or that the claims were collectible; and in some it was expressly made a condition of liability that suit should first be brought against the principal obligor.   In all of these cases the guaranties are clearly conditional, but there is a clear distinction between them and the obligation under consideration in this case; as is well illustrated in the case of *Burton v. Dewey, supra,* wherein it is said: "There is a well-understood difference between a guaranty of payment, and a contract of indemnity against loss as the result of the nonpayment of a debt.   In the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed.   In the second, the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor." (See, also, *Evans v. Bell,* 45 Tex. 553, and *Klein v. Kern, supra.*)

That defendants had notice of the proceedings in the foreclosure case and requested the postponement of the sale therein for four weeks in no way affects their right to contend that the guaranty executed by them matured on June 1, 1891, and that the statute of limitations has run in their favor as to the contract on which the present suit is based.   There was nothing in this request of defendants which could have misled plaintiffs or which prevented them from suing on the guaranty before it was barred.   Indeed, the request to postpone the sale was not

made until after the right of recovery on the guaranty had expired by limitation, for the complaint shows that the judgment in the foreclosure suit was entered on July 8, 1895, more than four years after the note and guaranty fell due, and certainly no postponement of the sale could have been had until after entry of judgment.

It is only in relation to contracts that are uncertain, or of doubtful construction on their face, that the conduct of the parties is to be looked to in aid of construction. Where the terms are plain and certain, as they are in the contract here under consideration, the court will be guided by the language used and construe the intention of the parties to have been in accordance with their agreement. (*Hawley v. Brumagim*, 33 Cal. 394.) On the point here in controversy, which is the date of the maturity of the guaranty, the contract is so plain that there is no room for construction.

If plaintiffs relied upon a written acknowledgment of indebtedness within four years prior to the commencement of the action, or upon any other fact, to take the case out of the statute of limitations, they should have pleaded the same in their complaint. They did not do so, and, therefore, as the complaint stands it is clearly insufficient as against the demurrer based on the statute of limitations. (*Sublette v. Tinney*, 9 Cal. 424; *Smith v. Richmond*, 19 Cal. 477; *Carpentier v. Oakland*, 30 Cal. 439, 444.) Several other questions are discussed in the briefs, but inasmuch as the judgment must be reversed on the ground already discussed herein, and on a new trial these questions may not again arise, and because a disposition of them now would involve a discussion and consideration of the sufficiency of the evidence to justify the findings, and some objection is made to the sufficiency of the specifications of particulars, we deem it unnecessary to determine those questions on this appeal.

We advise that the judgment and order appealed from be reversed as to defendants Bonebrake and Howes, and the cause be remanded with directions to the court below to permit plaintiffs to file an amended complaint if they shall be so advised.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed as to defendants Bonebrake and Howes, and the cause is remanded with directions to the court below to permit plaintiffs to file an amended complaint.                    Temple, J., Henshaw, J., McFarland, J.