[S. F. No. 4005.  In Bank.—September 28, 1905.]

## W. P. WOOLWINE, Appellant, v. H. E. STORRS, Executor of Will of S. Merrill, Deceased, Respondent.

GUARANTY OF NOTE AND MORTGAGE—STATUTE OF LIMITATIONS.—The liability of the guarantors of a note secured by mortgage accrues at the maturity of the note, regardless of the exhaustion of the mortgage security, and is barred within four years thereafter, in the absence of a showing of sufficient facts to take the case out of the operation of the statute.

ID.—EXTENSION OF TIME—REQUEST BY PRINCIPAL—PROMISE BY GUARANTORS—ABSENCE OF ACCEPTANCE.—A mere written request by the principal debtor for an extension of time for the payment of the note for one year, accompanied by a written promise by the guarantors to pay the note at the expiration of the year, cannot alone operate to save the demand from the bar of the statute, where there is no proof of any written or oral acceptance or agreement for the extension requested.

ID.—CONDITIONAL PROMISE.—The promise by the guarantors to pay the note without fail at the expiration of the year's time requested was conditioned upon the acceptance of such proposal for an extension of time, and was enforceable only in the event of such acceptance.

ID.—PART PAYMENT — PERSONAL NOTE OF GUARANTORS — PLEADING—TIME NOT EXTENDED FOR RESIDUE.—The part payment of the note in suit by final payment or settlement of a personal note for part

thereof given by two of the guarantors for a limited period of four months for the purpose of negotiation does not tend to show an extension of time of the entire indebtedness for the period of one year, as alleged in the complaint, there being no plea therein of an extension thereof for four months, and no proof of such extension; nor could such personal note or payment thereof operate to extend the time of payment of the residue of the original note.

ID.—EFFECT OF FORBEARANCE—FINDING.—The mere forbearance by the mortgagee to foreclose the mortgage on his accrued cause of action, without anything to compel the conclusion of an agreement to forbear suit for any time, cannot overcome a finding that there was no agreement for the year's extension alleged.

ID.—EVIDENCE—IMMATERIAL QUESTION.—It was not error to rule out an immaterial question which was not such as to call for any competent evidence material to the issues being tried.

ID.—RULING WITHOUT PREJUDICE—ASSIGNMENT TO APPELLANT—FINDING FOR APPELLANT.—The ruling of the court in admitting certain testimony on the question of the assignment of the indebtedness to the plaintiff appealing is without prejudice where the court found in favor of the plaintiff upon that issue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Lawler & Allen, and Lawler, Allen & Van Dyke, for Appellant.

Aylett R. Cotton, for Respondent.

ANGELLOTTI, J.—This is the same suit as that of *Pierce v. Merrill,* in which on a former appeal a judgment for the plaintiff was reversed. (128 Cal. 464 [61 Pac. 64, 79 Am. St. Rep. 56]; 128 Cal. 473 [61 Pac. 67, 79 Am. St. Rep. 63].) The present plaintiff is the assignee of the former plaintiffs, and has been substituted for them. The defendant, Storrs, has been substituted as executor of the will of the deceased defendant, Merrill. The case was tried on the answer of the defendant, Storrs, and judgment was entered in his favor The appeal is from the judgment and from an order denying the plaintiff's motion for a new trial. The other defendants are not parties to this appeal or to the judgment appealed from.

The original defendants were sued as guarantors of a note of the Semi-Tropic Land and Water Company, the amount of the note being fifty thousand dollars, the date June 1, 1889, and the date of maturity June 1, 1891. The suit was commenced January 31, 1896, more than four years after the maturity of the note, the theory of the plaintiff apparently being that the liability of the defendants on their guaranty did not accrue until other security given by the makers of the note, consisting of a mortgage, had been exhausted. It was held upon the former appeal that upon the facts stated in the complaint the liability of the defendants on their guaranty accrued at the maturity of the note, and that therefore the demurrer, based on the statute of limitations, should have been sustained. The court said: "If plaintiffs relied upon a written acknowledgment of indebtedness within four years prior to the commencement of the action, or upon any other fact, to take the case out of the statute of limitations, they should have pleaded the same in their complaint." (*Pierce* v. *Merrill,* 128 Cal. 472 [61 Pac. 66, 79 Am. St. Rep. 56].) Upon the going down of the *remittitur,* plaintiff, in order to take the case out of the operation of the statute of limitations, so amended his complaint as to allege a request by the maker of the note and defendants for an extension of one year from May 21, 1891, within which to pay the balance remaining unpaid on said note, and the granting of the same by the owners of the indebtedness. The request was made on May 21, 1891, when the principal debt had become due, under the provisions of the note, by default in the payment of interest and notification to the maker and guarantors that the holders declared the same due and demanded payment. The request was in writing, a copy of which was set forth in the complaint, and was as follows, viz.: "Office of Semi-Tropic Land & Water Co. Samuel Merrill, Pres. Geo. H. Bonebrake, Vice P. F. C. Howes, Treas. Jos. L. Merrill, Secy. Robt. D. Wade, Supt. Palace Hotel, San Bernardino Co., May 21, 1891. Henry Pierce, Esq., San Francisco: Our Semi-Tropic L. & W. Co. ask a year's extension. Messrs. Bonebrake, Howes, and Merrill pledge that the payment shall come at that time without fail and without litigation or expense. Yours, S. MERRILL, Prest." It was alleged that, pursuant to and in reliance upon this writing, the holders

of the note granted an extension of one year from May 21, 1891, within which to pay the balance due.

It is clear that the above letter could not, standing alone, have operated to save plaintiff's demand against defendant from the bar of the statute for a longer period than four years from its date. If, taken in connection with the existing circumstances and the previous demand for payment, the letter be considered as a sufficient acknowledgment of an existing indebtedness of Merrill, under section 360 of the Code of Civil Procedure, its utmost effect as such an acknowledgment was simply to waive so much of the period of limitations as had already run in Merrill's favor, and give a new period of four years, commencing at that date, May 21, 1891, within which action might be brought against him. It could only be in the event that the requested extension was agreed to by the holders of the note that any extension might be effected. If no such extension was effected, there was, of course, no moment of time after June 1, 1891, when the statute was not running, or when the holders of the note could not have maintained an action against Merrill upon his guaranty. The allegations of the amended complaint in regard to the granting of an extension were denied by the amended answer, and the trial court found that such requested extension was not granted If this finding is sufficiently supported by the evidence, it necessarily disposes of plaintiff's contention in this behalf. We are unable to see how it can be held that this finding is not supported by the evidence. It is not claimed that there was any written assent to the proposition contained in the letter, and if it be assumed that an oral assent would have been sufficient, a perusal of the record shows that there was no oral agreement for the extension requested thereby. It affirmatively appears that the proposition contained in the letter, viz., that a year's extension on the fifty-thousand-dollar note should be granted, was not accepted; for it is shown that Mr. Pierce, who was managing the matter for the holders, continued to press the matter to the extent of threatening a foreclosure "if they did not come to time," so that on May 23, 1891, two of the guarantors, Merrill and Bonebrake, gave their personal note for twenty-five thousand dollars, payable four months after date, in order that the same might be negotiated, and the holders thereby enabled to at once obtain

a portion of the amount due, which note was negotiated by the holders, and payment insisted on by them, in accordance with its terms. This note was partially paid at or about its maturity, and a new note given for the balance by the Semi-Tropic Land and Water Company, which was ultimately paid in full.

The utmost that the record shows in favor of plaintiff's claim in this behalf is that in consequence of other arrangements, utterly inconsistent with the proposition for an extension of the note for a year, including the giving of the twenty-five-thousand-dollar note above referred to and payments on the same and on the new note given in its place for the balance due thereon, until in 1893 the same was fully satisfied, the holders of the fifty-thousand-dollar note did in fact refrain from bringing suit upon their accrued cause of action thereon for nearly three years from May 21, 1891, when they instituted the proceeding for a foreclosure of their mortgage for the balance then due. There is nothing in this to compel even the conclusion that the holders of the fifty-thousand-dollar note ever orally agreed to forbear suit for any time, or to indicate anything more than that they were satisfied to refrain from pressing their accrued cause of action so long as satisfactory arrangements for the speedy payment of a large portion of the indebtedness were made. Much less does it tend to show the agreement for an extension of the note alleged by the amended complaint, which was the only agreement alleged by plaintiff for the purpose of taking the case from the operation of the statute, and consequently the only agreement within the issues. Upon the evidence the trial court was necessarily compelled to find that the alleged agreement for a year's extension was never made, and this was in effect the finding under discussion. The above-mentioned allegation as to the request for an extension of time and the granting of the same was the only allegation of matters affecting the running of the statute, except that there was an allegation to the effect that defendant Merrill was absent from the state of California between June 2, 1891, and June 2, 1895, for a period of more than eight months, and also one to the effect that prior to April 27, 1895, and within four years prior to the commencement of the action, said Merrill had made, signed, and delivered to plaintiff's predecessors a certain writing

wherein he unconditionally admitted his liability. Upon both these matters the findings were against plaintiff. The unchallenged finding as to absence from the state was that Merrill was absent for not more than six months and twenty days, and this action was not commenced until the expiration of four years and eight months from the time the cause of action accrued. There is no evidence whatever in conflict with the finding that there was no written acknowledgment of the indebtedness by Merrill within four years prior to the commencement of the action.

It is urged that the letter of May 21, 1891, contains a promise on the part of Merrill to pay the debt at the expiration of one year from its date, and that such promise was enforceable at any time within four years after the expiration of the year, but manifestly the promise therein contained was conditioned upon the acceptance of the proposition for a year's extension, and was enforceable only in the event of such acceptance. It is further urged that by the taking of the four-month twenty-five-thousand-dollar note of Merrill and Bonebrake on May 23, 1891, an extension of at least four months was granted on the fifty-thousand-dollar note, which, added to the period of Merrill's absence from the state, would bring the action within time. The evidence does not show any express agreement for such extension. The mere taking of this note would not have the effect of suspending the right of the holders of the note to maintain an action against Merrill for the remainder of the indebtedness, and what is here sought to be recovered was included in such remainder, for the twenty-five-thousand-dollar note was fully satisfied before the commencement of the foreclosure action. A sufficient answer, however, to the contention in this behalf is that no such agreement for an extension of four months is embraced within the issues made by the pleadings. The findings already discussed being sufficiently sustained by the evidence, it follows, in view of what was decided upon the former appeal, that it must be held that plaintiff's claim against Merrill's estate is barred by the statute of limitations, and that therefore no recovery can be had thereon.

The trial court did not err in sustaining the objection to the question asked Pierce as to whether he remembered having had any conversation with Merrill on or about May 2, 1891,

or shortly subsequent thereto, concerning the original guaranty and the demand for payment made April 27, 1891. The question was not such as to indicate that it called for any competent evidence material to the issues being tried, or for any evidence material upon the issue as to the extension for a year. Counsel for appellant stated to the court, in effect, that the question was merely preliminary, and it is apparent that it was never suggested that there was anything said in any conversation prior to the letter of May 21st that could have affected the determination of the question as to whether an agreement for the extension alleged in the amended complaint was made. The ruling of the court admitting certain testimony on the question of the assignment of the indebtedness to plaintiff was not prejudicial, for the court found for plaintiff upon that issue.

It is unnecessary to consider any other point made on this appeal by either party.

The judgment and order are affirmed.

Beatty, C. J., Shaw, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.

Van Dyke, J., being disqualified, did not participate in the foregoing.