### ROCK OF AGES CORPORATION v. EL PASO MONUMENT CO. (No. 2228.)

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1929.

Loomis & Kirkland, of El Paso, for appellant.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellee.

WALTHALL, J. This cause was tried and disposed of on plaintiff's (appellant here) first amended original petition, defendant's (appellee here) answer to plaintiff's first amended original petition, and plaintiff's first supplemental petition.

No statement of facts is found in the record. The trial court made and filed findings of fact, and, there being no controversy as to the court's findings, we state them here. They are substantially as follows:

On the 25th day of August, 1925, plaintiff, Rock of Ages Corporation, sold and delivered to defendant, El Paso Monument Company, a bill of goods, on account, amounting to the sum of $730.72. On April 16, 1927, nothing had been paid on said account, and on April 17, 1927, defendant, of that date, executed a promissory note in the sum of $730.-72, payable to plaintiff at El Paso, Tex., payable in $73 monthly payments after date, with interest from maturity at the rate of 10 per cent. per annum, providing for the payment of attorney fees (the note is fully stated in the court's findings). The note, was forwarded to the plaintiff. Prior to' that time the claim (plaintiff's account) had been sent to plaintiff's attorneys, Loomis & Kirkland, for collection. On receipt of the note, plaintiff forwarded same to C. H. Kirkland of the above firm. On receipt of the note from plaintiff, Kirkland wrote defendant that on behalf of plaintiff, he declined to accept the note, giving his reason therefor. Thereafter there were negotiations in regard to the payment of the claim, defendant asking for time and time granted by Kirkland in accommodation to defendant. The note was never returned to defendant, but retained by Kirkland. Thereafter the sum of $425 was paid by defendant on said claim, leaving an unpaid balance of $325.72. On the 2d day of December, 1927, plaintiff, by its original petition, brought suit on the account for the above-stated unpaid balance. On December 30, 1927, defendant answered and pleaded, among other things, the two-year statute of limitations (Vernon's Ann. Civ. St. 1925, art. 5526). On the filing of the plea of limitation as above, plaintiff notified defendant that it accepted the said note, and on April 10, 1928, filed its first amended original petition, declaring upon said note as its cause of action, and asked judgment thereon. The trial court concluded, in effect, that plaintiff, having sued upon the account and waited until defendant's answer pleading the statute of limitation before noting acceptance of the note, was not entitled to recover on the note, and so entered judgment.

### Opinion.

Appellant's original petition, filed on December 2, 1927, was based on the unpaid balance of the account, and not on the note. To that suit appellee pleaded the statute of limitation of two years.

Appellant, on April 10, 1928, filed its first amended original petition, on which the case was finally tried, in which it based its cause of action on the note. To which appellee answered, in effect, that its former plea of limitations was a bar to appellant's cause of action, and again renewed its plea.

Appellant submits that the promissory note tendered and delivered, though not accepted when tendered, but held by appellant while negotiations with reference to the account

were being had, and payments on the note were being made, and the note thereafter having been accepted, the note became a binding obligation, a new promise upon which suit could be maintained. All of the facts stated in the proposition are not made to appear. Appellant had declined to accept the note immediately after it was tendered, and had so notified appellee. While payments were made on the indebtedness thereafter, and while appellant had possession of the note, the facts do not show, as stated in the proposition, that payments were made on the note. The court found that "the sum of $425.00 was paid on said claim, leaving a balance of $325.72." Acceptance of the note having been refused as a settlement of the account prior to the payment on the "claim," and appellee so notified, it would necessarily follow, as found, that the payments were made on the account and not on the note. Appellant evidently so understood it, and first sued on the account, and after the payments had been made.

We have concluded, under the facts of this case, that the note sued on, not having been accepted when tendered, but rejected, it never became a binding obligation between the parties upon which suit could be maintained. It would seem that, after the tender of the note in settlement of the account, and a definite refusal to accept it in settlement, and notice to that effect given, the matter of the tender of the note was closed, and, in order to renew the note, another transaction must be had with reference to the note in which both parties must agree; that is, there must be a new tender of the note and an acceptance. If it could be said, as suggested by appellant, that it accepted the note after it had been rejected, the conditions at the time of such acceptance had very materially changed. Appellee had then paid more than one-half of the indebtedness that existed at the time of the acceptance of the note, and the unpaid balance had then become barred.

The rule in this state seems to be well settled that, in order for a new promise to eliminate limitations and renew the debt already barred, the new promise must contain an unqualified admission of a subsisting indebtedness and expressing a willingness to pay the same. Wetzel v. Anderson & Lundberg (Tex. Civ. App.) 8 S.W.(2d) 687, and cases referred to.

It was held in Woolwine v. Storrs, 148 Cal. 7, 82 P. 434, 113 Am. St. Rep. 183, that a written request for an extension of time for the payment of a note, accompanied by a written promise to pay the same at the end of that time, cannot save the debt from the operation of the statute if the holder of the note does not accept the proposition thus made. R. C. L. vol. 903, note 13.

If it be conceded, which we do not, that the note was revived by the acceptance after its rejection, and then became a new promise, the new promise must acknowledge the justice of the claim as it was at the time of such acknowledgment, and express or imply a willingness to pay. Krueger v. Krueger, 76 Tex. 178, 12 S. W. 1004, 7 L. R. A. 72. At the time of the acceptance of the note, the claim was barred, suit brought on the account, and appellee had pleaded the statute of limitations to the account, the only consideration suggested for the note

The court was not in error in entering judgment against appellant.

The case is affirmed.