INTERNATIONAL TRUST COMPANY, LIMITED, *v.* TAKA SUZUI, TOMOZUCHI SUZUI, BANK OF BISHOP & COMPANY, LIMITED, NIHE FUJINAKA AND MATSUNO FUJINAKA.

No. 1875.

SUBMITTED MAY 1, 1929.                    DECIDED MAY 29, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE WATSON IN PLACE OF PARSONS, J., ABSENT.

OPINION OF THE COURT BY BANKS, J.

This is a suit to foreclose a trust deed. The circuit judge entered a decree granting the relief prayed for and the respondents bring the case to this court on writ of error. One of the assignments of error is that a demurrer to the complaint was improperly overruled. Inasmuch as no mention is made of this assignment in the respondents' brief, under the repeated rulings of this court it is presumed to have been abandoned and need not be further referred to. The facts that are material to the questions presented for our determination are as follows: Sometime during the summer of 1927 Rose Gandall and her husband, Robert Gandall, entered into negotiations with the respondent Taka Suzui for the purchase of a certain parcel of land situate in Kapahulu, city of Honolulu, which the latter owned. The sum of $5,700 was finally agreed upon as the purchase price and $500 of this amount

was presently paid. The Gandalls not having the money with which to pay the balance, an application was made to the International Trust Company, the complainant herein, for a loan of that amount, the proposed security being a mortgage on the property. The trust company, after inspecting the property, expressed its unwillingness to make the loan but indicated that it might do so provided additional security was furnished. Taka Suzui was the owner of another parcel of land located on Claudine street (Palolo Hill tract) in the city of Honolulu, which was valued at $7000. This property was subject to a first mortgage, given to the Bishop Trust Company, securing a loan of $3,700. It was finally agreed between the Gandalls, Taka Suzui and the International Trust Company that Taka Suzui would convey the Kapahulu property to the Gandalls and that the trust company would make the loan to the Gandalls taking from them as security a mortgage on the Kapahulu property and that Taka Suzui would convey the Claudine street property to the trust company under an agreement that the deed was not intended to be an absolute conveyance of the title but was intended as additional security for the Gandall loan. This agreement was consummated and the money was loaned. The Gandalls made default in their payments under the terms of the mortgage on the Kapahulu property and the mortgage was foreclosed. The foreclosure was not by judicial proceeding but was had under a power conferred upon the mortgagee by the mortgage itself. The property was put up for sale at public auction and the mortgagee, exercising a privilege given it by the mortgage, became the purchaser at and for the sum of $3,500. The mortgagors were duly credited with this amount after which there was an unpaid balance of $2115.20. Demand was made upon the respondent Taka Suzui for the payment of this balance. The demand was refused, whereupon the

instant suit was brought, its purpose being to subject the Claudine street property, already referred to, to the payment of the balance due on the Gandall mortgage.

We think most of the grounds upon which the respondents seek a reversal of the decree entered by the circuit judge are shown to be untenable by the very terms of the trust agreement upon which the suit is predicated. This agreement is as follows:

"This agreement, made and entered into this 30th day of July, 1927, by and between Taka Suzui, wife of Tomozuchi Suzui (sometimes called Tomoguchi Suzui), of Honolulu, Hawaii, hereinafter called the 'beneficiary,' and International Trust Company, Limited, a Hawaiian corporation, hereinafter called the 'trustee,' witnesseth:

"Whereas, on the 30th day of July, 1927, the beneficiary made, executed and delivered to the trustee a deed for the consideration of one dollar ($1.00), covering 7,500 square feet of Lots 128 and 129, section 'B,' Palolo Hill Tract, as shown on File Plan No. 45, the same being subject to a mortgage for the sum of $3700.00 held by The Bank of Bishop & Company, Limited, dated June 7, 1927, and recorded in the office of the registrar of conveyances in Book 891, at page 181; and

"Whereas, on the same day the said Taka Suzui conveyed to Rose Gandall and Robert Gandall, husband and wife, Lot 24, in Block 'D' of the Kapahulu Tract, as shown on File Plan No. 55, for the consideration of fifty-seven hundred dollars ($5700.00), and the trustee loaned and advanced to the said Rose Gandall and Robert Gandall the sum of fifty-two hundred dollars ($5200.00) secured by a mortgage upon said property dated upon said day; and

"Whereas, the true intent and purpose of the said deed to the trustee was to create a trust for the beneficiary for the purposes following;

"Now, therefore, it is hereby mutually agreed as follows: 1. The trustee agrees to hold title to the above property, subject to said mortgage, as additional security for the advance made by it to the said Rose Gandall and Robert Gandall until such time as the mortgage made by the said Rose Gandall and Robert Gandall to the trustee shall be fully paid and discharged in accordance with its terms. 2. The beneficiary agrees that the trustee may hold title to said property for the period in paragraph 1 herein set forth and that if the said Rose Gandall and Robert Gandall shall fail to make the payments required by the terms of their said mortgage, the beneficiary will assume and pay the same as they become due. 3. The beneficiary agrees that during the term of this trust she will faithfully pay and discharge the payments required by her said mortgage to the Bank of Bishop & Company, Limited, and perform the covenants therein contained upon her part to be kept and performed. 4. It is hereby mutually agreed that upon full carrying out of all of the terms hereinabove set forth, the trustee will make, execute and deliver to the beneficiary a deed free and clear from any encumbrances made by it covering the property hereinabove set forth, and that until such time the beneficiary will bear all expenses of the handling of said property, including taxes, assessments for benefits and proper charges.

"In Witness Whereof, the parties hereto have hereunto set their hands the day and year first hereinabove written." (Signatures omitted.)

The first contention made by the respondents is that Taka Suzui's guaranty contained in the above instrument is not an absolute guaranty of the payment of the loan made to the Gandalls but is merely a guaranty of its collectibility and that in the absence of proof of the insolvency of the Gandalls, and therefore the inability of the

trust company to collect from them the balance due after
the foreclosure of the mortgage on the Kapahulu prop-
erty, the trust company had no cause of action against
Taka Suzui. We cannot agree with the respondents'
characterization of the guaranty in question. The lan-
guage in which it is expressed is entirely without ambi-
guity. It is that "if the said Rose Gandall and Robert
Gandall shall fail to make the payments required by the
terms of their said mortgage, the beneficiary" (the guar-
antor) "will assume and pay the same as they become
due." A promissory note evidencing the loan was exe-
cuted by the Gandalls cotemporaneously with the execu-
tion of the mortgage and was, by express provisions of
the latter, made a part of the mortgage. This note was
payable two years after date in monthly installments of
not less than $55. It is also provided in the note that "if
default shall be made in the payment of any one of the
said installments and/or interest and such default shall
continue for fifteen (15) days, then the said principal
sum and all arrearages of interest shall, at the election
of the payee or the holder hereof, become at once due and
payable, such election to be made at any time after default
and without notice." It is not denied that the Gandalls
defaulted in their payments and that their default con-
tinued for sufficient time to give the trust company the
right to elect to treat the entire indebtedness as due and
that such election was made. Under these circumstances
the liability of Taka Suzui for the entire indebtedness be-
came absolute. The trust company could have proceeded
against her at once without taking any action against the
Gandalls by foreclosure of the mortgage on the Kapahulu
property or otherwise. The law on this subject is thus
stated in 28 C. J. 972, § 125: "As a general rule a guar-
anty of the payment of an obligation of another is an
absolute undertaking imposing liability upon the guar-

antor immediately upon the default of the principal debtor and regardless of whether any legal proceedings or steps are taken to enforce the liability of the principal debtor, or whether notice of the default is given to the guarantor, and regardless of the solvency or insolvency of the principal debtor. In accordance with this rule if the guaranty fixes the time of payment, and payment is not made within the time prescribed, there is a breach of the guaranty and no steps need be taken against the principal to fix liability on the guarantor." In a note to this text the annotator makes the following correct summary of the decision of the supreme court of California in *Pierce* v. *Merrill,* 128 Cal. 464, 61 Pac. 64, 79 Am. S. R. 56: "An instrument by which the person executing it guarantees the payment of a loan at the time and according to the terms expressed in a specified note and mortgage is an absolute guaranty, and liability is imposed upon the guarantor upon default in the payment of the loan, although no attempt has been made by the creditor to foreclose the mortgage." (p. 973.)

By the foreclosure of the mortgage the trust company did not, of course, surrender its right to look to Taka Suzui, the guarantor, for the payment of the balance of the Gandall indebtedness.

The second contention made by the respondents is that even though it should be held that Taka Suzui's contract of guaranty is absolute and not conditional the decree should nevertheless be reversed for two reasons, first, because there was such a scarcity of bidders at the foreclosure sale that there was no competition in the bidding and therefore the property was sold at a price greatly below its value, and, second, because the trust company itself became the purchaser at the sale.

The theory advanced in support of this contention is that the trust company was the trustee of Taka Suzui in

the foreclosure of the mortgage and therefore could not legally have become the purchaser of the property and for the same reason should have adjourned the sale until more bidders could be assembled and a price more commensurate with the true value of the property perhaps obtained. So far as the purchase of the property is concerned the trust company did nothing more than exercise a right conferred upon it by the mortgage itself. Taka Suzui knew of the mortgage at the time she entered into her contract of guaranty. In fact, the mortgage is specifically mentioned in her contract. She must therefore have known that by its terms the trust company was authorized to become the purchaser of the property in the event of foreclosure. If she was unwilling for the trust company to have and exercise this right her time to object was before she guaranteed the debt for which the mortgage was given as security. Not having done so she is in no position now to claim that the trust company violated any duty it owed her in becoming the purchaser.

So far as the contention regarding the inadequacy of price is concerned it is not sustained by the evidence. It is true the deed from Taka Suzui to the Gandalls, by which she conveyed the Kapahulu property upon which the mortgage was given, recites a consideration of $5700, but the testimony of Taka Suzui herself shows that this was not the amount she received. She testified that the International Trust Company charged a commission of $800 for making the loan of $5200 to the Gandalls and upon the refusal of the Gandalls to pay it she (Taka), rather than have the sale fall through, agreed to pay it. She also testified that she paid an additional commission of $150 to an agent for making the sale to the Gandalls and that of the recited consideration of $5700 she only received $4750. In other words, she sold the property upon which the mortgage was given for $4750. The price,

therefore, at which the trust company bid in the property at the foreclosure sale was not so disproportionate to the price for which Taka Suzui voluntarily sold it as to convince us that the trust company bought it at a price materially less than its real value. Since Taka Suzui could only obtain the price of $4750 in August, 1927 (the date of her deed to the Gandalls), the mere fact that in March, 1928 (the date of the foreclosure of the mortgage), seven months later, the property sold for $3500, is not even *prima facie* evidence that the latter price was not approximately, at least, the fair value of the property on the date of foreclosure. The difference between the price received from the Gandalls and the price paid by the trust company is the only evidence upon which the contention of the inadequacy of the trust company's bid is based. The evidence is insufficient to support the contention. If there was in fact a disparity between the value of the property and the trust company's bid Taka Suzui should have offered some substantial evidence of it.

For the foregoing reasons the decree appealed from, so far as it concerns Taka Suzui, is sustained. It should, however, in one respect be modified. The circuit judge, after decreeing that the property included in the trust deed from Taka Suzui to the International Trust Company be sold and the proceeds devoted to the purposes provided in the decree, also decreed that if the proceeds were insufficient for these purposes a judgment over should be entered against Taka Suzui and her husband, Tomozuchi Suzui, for the deficiency. So far as Tomozuchi Suzui is concerned this was error. He was not a party to the contract of guaranty and is in no way liable under it.

The case is remanded with instructions to enter a modified decree and to take such further proceedings as are not inconsistent with this opinion.

*E. J. Botts* for plaintiffs in error Taka Suzui and Tomozuchi Suzui.