[No. 4,117.]

# THE HIBERNIA SAVINGS AND LOAN SOCIETY *v.* THOMAS O'GRADY AND HIS WIFE JOHANNA O'GRADY.

STATUTE OF LIMITATIONS ON NOTE.—A note given on the 29th day of February, 1868, due twelve months after date falls due on the 27th day of February, 1869, and it is too late to commence an action on it on the 1st day of March, 1873, even if the last day of February, 1869, is Sunday.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The note sued on was dated February 29th, 1868, and made payable twelve months after date without grace. The suit was commenced March 1st, 1873.

On the trial of the action, as soon as the plaintiff closed his evidence, the defendant's attorney, in open Court, asked the attorney for plaintiff, when he claimed the note sued on fell due; to which the plaintiff's attorney, also in open Court, answered, the last day of February, 1869. Whereupon the defendant's attorney announced, that with that understanding as to the date at which the note fell due, the defendants would not offer any evidence, and then called the attention of the Court to the fact that the last day of February, 1869, was Sunday; that one of the defenses set up in the answer, was the Statute of Limitations; that, by the statute of 1861, the note became due and payable on Saturday preceding the last day of February, 1869, viz: on the 27th day of February, 1869, and asked the Court to render judgment for the defendants, upon the ground that the action was barred by the Statute of Limitations. The Court reserved the question, and afterward rendered judgment for the plaintiff. The defendants appealed.

*George Pearce*, for Appellant.

The plaintiff is bound by the admission of its counsel in open Court, fairly made. (Code of Civil Prac. Sec. 282.) *Holmes* v. *Badgers*, 13 Cal. 191.)

The last day of February, 1869, being Sunday, the note sued on, in this case, became due and payable on Saturday the 27th day of February, 1869. (Statutes of 1861, page 310.) And an action brought on the note, the first day of March, 1873, is barred by the Statute of Limitations. (Statute of Limitations, Sec. 17; Sec. 4359 Hittel's Dig.; Code of Civ. Prac. Secs. 9, 312, 337.

If it be held by this Court that respondent's cause of action did not accrue until it could bring suit, still the recovery is barred. (*Presbury et al.* v. *Williams,* 15 Mass. 193, and cases there cited.)

*A. W. Thompson* and *T. I. Bergin,* for Respondent.

The contract is to pay twelve months "after" date: Twelve months after the 29th day of February, 1868. No moment of time can be said to be after a given day until that day has expired. (*Wiggins* v. *Peters,* 1 Met. 127–129; *Doe* v. *Smythe,* Anthon's *Nisi Prius* Cases, 243.)

The day of the date of a note is to be excluded in computing the time it has to run in order to ascertain when it is payable; and this note was not payable until March 1st, 1869. (*Ewing* v. *Baily,* 4 Scam. 520; *Page* v. *Weymouth,* 47 Me. 238; Story on Promissory Notes, Section 211; Chitty on Bills, marginal page 370.)

The section of the Code of Civil Procedure cited by appellant, Sec. 9 of Code of Civil Procedure, only *seems* to help him; it reads: "When a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before this Code goes into effect, and the same or any limitation is prescribed in this Code, the time of limitation continues to run, and has the like effect as if the whole period had begun and ended after its adoption." If the whole period in this case had begun and ended after its adoption, the rule of computation would, unquestionably, have been that of the Code, viz: to exclude the first day, and include the last; but, in or out of the Code, there is no other rule applicable.

Appellant cites *Presbury* v. *Williams*, 15 Mass. 193, decided in 1815. It is a good case for him, but it has been overruled in *Wiggins* v. *Peters*, 1 Met. p. 127 and 129, decided in 1840, and has been cited with disapproval ever since, upon the point under consideration. (Angell on Limitations, Sec. 46, *et seq*; *Weeks* v. *Hull*, 19 Conn. 376, 381; *Cornell* v. *Moulton*, 3 Denio, 12.

By the Court:

The note on which this action was brought became due on the twenty-seventh of February, 1869. The plaintiff had full four years to bring its action after the note became payable, but no more. An action commenced on the first of March, 1873, was, therefore, too late; and this, whether the Sunday which was the day that immediately succeeded the day on which the note became due, be or not considered a portion of the four years limitation.

Judgment reversed, and cause remanded with directions to render judgment for the defendants.