[Civ. No. 2549. Second Appellate District, Division One.—February 5, 1919.]

WILLIAM BRANAGH, Respondent, v. CHICAGO BONDING AND SURETY COMPANY (a Corporation), Appellant; FRED A. HUDSON, etc., et al., Defendants.

TIME—ACTION ON HIGHWAY CONTRACTOR'S BOND—LAST DAY TO COMMENCE FALLING ON HOLIDAY.—Where the last day to commence an action on the bond of a highway contractor, for supplies furnished him for the performance of the work, falls on a holiday, the action may be brought on the succeeding day, in view of section 10 of the Civil Code.

HIGHWAY CONTRACT—ACTION ON CONTRACTOR'S BOND—GRAIN SUPPLIED TO CONTRACTOR.—In an action by a grain dealer on the bond of a highway contractor, for feed alleged to have been supplied for

horses used in the performance of the work, an appellate court, after trial and judgment against defendant, must, in the absence of the evidence from the record, assume that it was satisfactorily made to appear to the trial court that the grain, however used, was used in the performance of the work called for by the contract.

APPEAL from a judgment of the Superior Court of San Bernardino County.  H. T. Dewhirst, Judge.  Affirmed.

The facts are stated in the opinion of the court.

James Alva Watt, Rolla Bishop Watt and Watt, Miller, Thornton & Watt for Appellant.

McNabb & Hodge for Respondent.

SHAW, J.—Action against Chicago Bonding and Surety Company as surety upon a bond alleged to have been given "in accordance with the requirements of an act of the legislature of the state of California," by the Hudson-Johnson Construction Company, to which, as contractor, certain public highway work was awarded.  Judgment went for plaintiff and against the Surety Company, which appeals therefrom on the judgment-roll.

To the complaint said defendant interposed a general demurrer, which was overruled.  In addition to this alleged erroneous ruling appellant claims that the action upon the bond was not commenced within six months after the filing of the verified claim with the California Highway Commission, by which the contractor was employed.  There is absolutely nothing in the record disclosing whether or not the bond was given pursuant to the provisions of Act 2895, General Laws of 1915, page 1467, wherein it is provided that "at any time within six months after the filing of such claim, the person, company, or corporation filing the same may commence an action against the sureties on the bond."  Assuming, however, that it was so given, the claim was filed on April 12, 1915; so that the six months expired on October 12, 1915, and the complaint was not filed until the following day.  But October 12th was a holiday, and section 10 of the Civil Code, provides that "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then

it is also excluded.'' In *Diggins* v. *Hartshorne*, 108 Cal. 165, [41 Pac. 287], the court said: ''The statute required the person to whom the contract was awarded to enter into the contract within ten days after the award. The award to Buckman was made November 17th, but, as the 27th of November was Thanksgiving Day, he had the whole of the next day in which to enter into the contract.'' · So here, the last day of the six months within which plaintiff was entitled to commence his action being a holiday, he had all of the succeeding day within which to commence the same.

The complaint alleged ''that during the course of said work or improvement in said contract provided, plaintiff furnished certain supplies, to wit, hay, to said Hudson-Johnson Construction Company, in the county of San Bernardino, and so furnished said Hudson-Johnson Construction Company for the performance of the work or improvements by them contracted to be done.'' Appellant insists that this allegation is insufficient in stating a cause of action within the terms of the bond which, as alleged, was ''made to inure to the benefit of any and all persons, companies, and corporations who performed work or labor of any kind on or furnished materials or supplies for the performance of the said work contracted to be done.'' Appellant's argument is based upon the claim that a grain dealer who furnishes feed for horses used in the performance of such work is not entitled to recover therefor upon the bond. Conceding this to be true, it cannot avail appellant, for the reason there is nothing in the record even tending to show that the hay was so used, or how it constituted supplies used in the performance of the work. Nevertheless, it is so alleged, and since the case was tried and judgment rendered against defendant, we must, in the absence of the evidence, assume that it was satisfactorily made to appear to the court that, however used, it was in the performance of the work called for by the contract. While conceding the complaint defective in several respects, the objections based thereon did not render it subject to the general demurrer interposed.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.