[Civ. No. 3397. Third Appellate District.—February 14, 1928.]

MOX, INCORPORATED, Appellant, v. SAM LEVENTHAL et al., Respondents.

254

L. M. Pritchard for Appellant.

Charles H. Brocke, Earl E. Johnson and Fred W. Mears for Respondents.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment in an action to foreclose a mechanic's lien which was rendered against plaintiff after a demurrer to the complaint had been sustained without leave to amend.

The complaint alleged that the notice of lien upon which the action was based was filed pursuant to section 1187 of the Code of Civil Procedure on July 15, 1924. The complaint was filed October 14, 1924. Section 1190 of the Code of Civil Procedure declares: "No lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same. . . . " The ninety days allowed by the provisions of the last-quoted section expired on October 13th. The preceding day was Sunday, which was also "Columbus Day" by enactment of both section 7 of the Civil Code, and section 10 of the Code of Civil Procedure. These sections last cited provide that: "If the . . . twelfth day of October . . . falls upon a Sunday, the Monday following is a holiday." Hence Monday, October 13, 1924, became a holiday. Both section 10 of the Civil Code and section 12 of the Code of Civil Procedure declare: "The time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." The general rule is that where the last day on which to commence an action falls upon a holiday, the suit may be filed on the following day. (23 Cal. Jur. 973.) Section 1190 of the Code of Civil Procedure, *supra*, in effect, is a statute of limitations prescribing the period of time within which an action to foreclose a mechanic's lien may be brought. In *Hughes Brothers* v. *Hoover*, 3 Cal. App. 145, 150 [84 Pac. 681], it is said: "Giving to section 1190 the only force which it can possibly have is to interpret it as a statute of limitations which provides the time within which an action may be brought for the enforcement of a right." Evidently, by the terms of section 1190, *supra*, the legislature intended to grant to a claimant for compensation for materials or labor furnished, ninety full days after the filing of the notice of lien, in which to commence the action. It is said "the theory of the statute of limitations is that a

256

creditor has the full statutory period on any day of which he may of his own volition commence an action, and if he cannot do so because of legal prohibition, the statute does not run. (16 Cal. Jur. 563, sec. 160; *Hoff* v. *Funkenstein,* 54 Cal. 233.) The same principle would apply where the statutory period for commencing an action is prevented from running because the final day chances to fall upon a Sunday or a holiday, during which final day the claimant would be unable to file his action. Unless such final holiday is eliminated from the statutory period, it is apparent that the letter and spirit of the statute would be defeated, and the claimant would thereby be denied his full ninety days in which to commence his suit. The case of *Branagh* v. *Chicago B. & S. Co.,* 39 Cal. App. 610 [179 Pac. 543], was an action against the sureties on a bond for materials furnished to a construction company pursuant to the statute which permits the suit to be commenced at any time "within six months after the filing of the claim with the California Highway Commission." It appeared that the claim was filed April 12, 1915. The six-months' limitation within which to commence the action therefore expired October 12. But this was the same holiday which has raised the controversy in the present case. Yet it was there held that under section 10 of the Civil Code the action was authorized to be filed upon the following day.

Respondent contends that neither section 10 of the Civil Code nor section 12 of the Code of Civil Procedure has any application to the provisions of the Mechanic's Lien Law, the procedure affecting which, they claim, is governed exclusively by section 1198 of the Code of Civil Procedure, which declares that "Except as otherwise provided in this chapter, the provisions of part two of this code are applicable to, and constitute the rules of practice in, the proceedings mentioned in this chapter." We are not in accord with this view. The foregoing section does not declare that part two of that code furnishes the only rules to be employed in mechanic lien cases. Nor can it be said that section 12 is a rule of proceeding. It is a general rule for computing time, applicable to any act which is required by law, except where a statute specifically otherwise provides. Part two of the Code of Civil Procedure

is devoted to the method of procedure required to be employed in prosecuting civil actions to judgment and in satisfaction thereof. Part three, in which we find the Mechanic's Lien Law, is devoted chiefly to special proceedings such as the enforcement of liens, eminent domain, probate, arbitration, etc. On the contrary, section 12 does not come under any of the so-called "parts" of this code, but is preliminary thereto, and appears to be general in its application to "any act provided by law." There appears to be no good reason for limiting the lien law so as to exclude therefrom the general rule for computing time allowed for the commencement of an action. The general rule is that when the last day for the performance of an act provided by law falls upon a Sunday or a holiday, that day is excluded in the computation of time, and the act may be performed on the following day. With a few exceptions on account of specific statutory provisions, this rule has been applied to a variety of acts and proceedings. (24 Cal. Jur. 585, sec. 13; 26 R. C. L. 748, sec. 23.) The case of *Johnston* v. *New Omaha T. H. E. L. Co.*, 86 Neb. 165 [20 Ann. Cas. 1314, 125 N. W. 153], reviewing a large number of authorities construing statutes which purport to establish a uniform rule for computing time, concludes by saying: "After a full and careful consideration of the question . . . we hold . . . that section 1841 Ann. St. of 1909, was intended by the legislature to put an end to all confusion and uncertainty by adopting a uniform rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes, and that it applies to the computation of time to be taken into account in days, months or years, and that where an act is to be done, or is permitted to be done within a specified time, and the last day is Sunday, it shall be excluded, and the act may be done on the following day." This language applies with like force to the present case.

Respondent has cited several cases from other jurisdictions which are in conflict with the foregoing rule, but these cases are no longer authority in this state, since the enactment of section 10 of the Civil Code and section 12 of the Code of Civil Procedure. Many states have enacted similar statutes to establish a uniform rule of computing

time. We are of the opinion that section 1190 of the Code of Civil Procedure should be construed with section 12 of the Code of Civil Procedure, so that where the last of the ninety days allowed by that section in which to institute an action to enforce a mechanic's lien falls upon a Sunday or a holiday, the limitation of time will thereby become tolled so as to permit the suit to be commenced upon the following day.

The demurrer in the present case was therefore erroneously sustained.

The judgment is reversed, and the trial court is directed to overrule the demurrer and permit the defendants to answer.

Hart, J., and Finch, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1928.

All the Justices concurred.