[Civ. No. 9447.   First Appellate District, Division Two.—November 9, 1934.]

TILDEN LUMBER COMPANY (a Corporation), Appellant, v. M. PERINO, Respondent.

Cyrus B. King and Rupert R. Ryan for Appellant.

O. H. Speciale for Respondent.

STURTEVANT, J.—The plaintiff has appealed from a judgment rendered by the trial court dismissing its complaint. The plaintiff's action was based on a promissory note. The defendant filed a demurrer in which it pleaded the statute of limitations. The demurrer was sustained without leave to amend. After notice given the plaintiff did not ask leave to amend and judgment was entered dismissing the complaint.

The plaintiff asserts that its action was filed on the last day, but that it was not barred. The note was delivered

on August 27, 1929. It was payable on demand. The statute commenced to run immediately (*Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 Pac. 1009]). It would have run its full course in four years from and after the date of the note. (Code Civ. Proc., secs. 312 and 337.) Four years from that date would be August 27, 1933. But the date last mentioned fell on Sunday. Therefore the plaintiff had all day Monday to commence its action. The rule is stated in 23 California Jurisprudence, at page 973, as follows: "Where the last day to commence an action . . . falls on Sunday or a holiday, the action may be brought . . . on the succeeding day." (See, also, *Mox, Inc.*, v. *Leventhal*, 89 Cal. App. 253 [264 Pac. 562]; *Branagh* v. *Chicago etc. Surety Co.*, 39 Cal. App. 610 [179 Pac. 543].) It follows that the action was filed in time and the demurrer should not have been sustained. The defendant cites and relies on *Hibernia Sav. & Loan Soc.* v. *O'Grady*, 47 Cal. 579. That case was decided under a statute that has been repealed. (Stats. 1861, chap. 321.) The other authorities he cites involved other statutes of this state or of other states. They are not helpful.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.