10484

## WYMAN v. ATLANTIC COAST LINE RAILROAD COMPANY ET AL.

(104 S. E. 542.)

1. Railroads—Objection on Ground of Federal Control Waived.— Defendant railroad, sued for injuries to plaintiff at a crossing, by failing to interpose objection to suit that at the time of the accident it was under the control of its codefendant, the Federal Director General of Railroads, and by failing to interpose demurrer on the ground the allegations of the complaint were insufficient to constitute a cause of action against it, *held* to have waived the objection that it was in the control of the Federal Director General.

2. Appeal and Error—Error as to Railroad Sued When Under Federal Control Harmless, in View of Instruction.—In an action against a railroad for injuries at a crossing, where the Court charged at the request of defendant that as between defendant and the Federal Director General any recovery by plaintiff would be paid by the United States government, and not by defendant, any error in the case because the road at the time of the accident was under Federal control was harmless to it.

3. Costs—Plaintiff Not Entitled to Tax Disbursements for Printing Unnecessary Record.—Where the record contains 44 pages, the exceptions are about 3 pages, and the charge and requests of the plaintiff and defendants, which were entirely unnecessary, about 15 pages, plaintiff is not entitled to tax disbursements for printing the record, or any part thereof, against defendants, who objected to the unnecessary matter, and appealed from order settling the record.

Before WILSON, J., Bamberg, October, 1919. Affirmed, except as to order settling case for appeal, which is reversed.

Action by Joel W. Wyman against Atlantic Coast Line Railroad Company, Walker D. Hines, Director General *et al.*, for personal injuries. From judgment for plaintiff, the defendants appeal.

The exceptions directed to be printed follow:

1. His Honor erred, it is respectfully submitted, in overruling the motion of Atlantic Coast Line Railroad Company, made at the close of plaintiff's evidence upon the following grounds: "That there is no evidence in any way con-

necting it with any act alleged in the complaint to have contributed to plaintiff's injury. The railroad property of said defendant was taken over by the United States government by the proclamation of the President of December 26, 1917, effective at noon of December 28, 1917, and was at the time of the accident alleged and proved in the charge of the Federal government, to the entire exclusion of Atlantic Coast Line Railroad Company, the accident having occurred on the 28th day of April, 1919, under the proclamation of the President of December 26, 1917, and March 29, 1918, the act of Congress of March 21, 1918, and General Orders Nos. 50 and 50a of the Director General of Railroads of October 28, 1918, and January 11, 1919. This action cannot be maintained against Atlantic Coast Line Railroad Company." The motion should have been granted for the reason urged in support thereof.

2. His Honor erred, it is respectfully submitted, in overruling the motion of all the defendants, made at the close of all the evidence, for directed verdict upon the following grounds: "Because the evidence admits only of the inference that the sole, or at least a contributing proximate, cause of the accident and injury was: (1) The contributory negligence of plaintiff; or (2) the contributory gross or wilful negligence of plaintiff; or (3) the contributory wilfulness of plaintiff." The motion should have been granted for the reasons urged in support thereof.

3. His Honor erred, it is respectfully submitted, in refusing to charge the fourteenth request submitted on behalf of the defendants: "I charge you that there is no evidence in this case from which the jury would be justified in finding that there was any negligence in failing to have a flagman at the crossing at the time of the accident in which plaintiff was injured." Whereas, the request should have been charged, as it contained a sound proposition of law applicable to the case.

4. His Honor erred, it is respectfully submitted, in refusing to charge the fifteenth request as submitted on behalf of defendants, and in modifying the said request, the request and the modification thereof being as follows: "I charge you that there was no statute or ordinance which required the crossing at which the accident occurred to be flagged." Modification: "But I also charge you that you are the judges to say whether there should have been a flagman there at the time of the alleged accident in this case. This means this, gentlemen, that while there is no law specifically requiring that a flagman should be at that particular place, and there is no proof here to show there was any ordinance of the town, yet, as I have already charged you, it is for you to say whether under the surrounding circumstances, taking everything into consideration, whether it was negligence or not, not to have a flagman at that particular place. You are the sole judges of that." This request should have been granted without any modification, as it contained a sound proposition of law applicable to the case. The modification constituted error, in that there was no evidence from which the jury would have been justified in inferring that it would have been negligence not to have flagged the crossing at the time and place in question, and the charge therein was misleading and prejudicial to the defendants.

5. His Honor erred, it is respectfully submitted, in refusing to charge the sixteenth request submitted on behalf of the defendants: "I charge you that the evidence in this case does not show that the crossing at which the accident occurred was at the time of the accident surrounded by conditions which required that it be flagged, and you will consider the allegations of the complaint of negligence and wilfulness in not flagging the crossing as eliminated from the case." Whereas, the request should have been charged, as it contained a sound proposition of law applicable to the case.

6. His Honor erred, it is respectfully submitted, in charging plaintiff's third request, as follows: "Where a person is injured by collision with a train at a point where the railroad crosses the public highway or street and the statutory signals are not given, the burden is on the defendant to show that the injured person knew of the approach of the train in time to have avoided the collision. I charge you, therefore, that if you find from the testimony that the plaintiff was injured by a collision with the locomotive of defendant's train at a point where a public highway, traveled place or street crosses the railroad of the defendants, and that the bell was not rung or whistle sounded 500 yards from such crossing, and kept ringing or whistling continuously until defendants' locomotive had passed such crossing, then, the burden rests upon the defendants to show that the plaintiff knew of the approach of the train in time to have avoided the collision."

(1) This constituted error of law, in that: (a) Proof of failure to give the signals required by the statute does not place upon the defendants in a case of this nature the burden of showing that the injured person knew of the approach of the train in time to avoid the collision; (b) under the circumstances assumed by the request the law does not place upon the defendants the burden of showing that plaintiff knew of the approach of the train, but it may otherwise show such contributory gross negligence as may defeat a recovery, *e. g.,* by showing that by exercising slight care plaintiff could and would have known of the approach of the train in time to avoid the collision.

(2) This constituted a charge on the facts, in that in so charging the jury the Court instructed them in effect as to what would constitute negligence on the part of the defendants, and. as to what was necessary for the defendants to show in order to establish contributory negligence or contributory gross negligence on the part of the plaintiff, and

the Court erred and charged on the facts in limiting the defendants in undertaking to establish contributory negligence or contributory gross negligence to showing that the plaintiff knew of the approach of the train in time to have avoided the collision.

*Messrs. J. E. Harley, W. E. Free* and *Lucian W. McLemore,* for appellants, cite: *Director General was operating railroad at time of injury and nonsuit should have been granted as to railroad:* 112 S. C. 407; 99 S. E. 846; 113 S. C. 236; 101 S. E. 924; 113 S. C. 188; 101 S. E. 926. *Verdict should have been directed:* 106 S. C. 123; 94 S. C. 143; 102 S. C. 166. *Unusual, extraordinary conditions must exist to warrant rule that crossing must be protected by flagman, etc.:* 106 S. C. 123; 70 N. E. 554; 92 N. Y. 219; 44 Am. Rep. 371; 104 Atl. 112, 113; 199 S. W. 346; 33 Cyc. 943; 95 Atl. 444; 54 So. 893; 40 N. Y. 9. *Charge as set out in 6th exception erroneous, and on the facts:* 84 S. C. 125; 94 S. C. 143; 78 S. C. 103; 92 S. C. 490; 57 S. C. 332; 69 S. C. 439; 51 S. C. 453; 63 S. C. 277; 98 S. C. 476. *Judge erred in settling the case, by cumbering the record with duplications:* 93 S. C. 367; 100 S. C. 276.

*Messrs. E. H. Henderson* and *Carter, Carter & Kneece,* for respondent, cite: *Director General was a party as well as the railroad:* 112 S. C. 407; 99 S. E. 846. *Operation by lessee is operation by agent and principal is liable:* 75 S. C. 162; 82 S. C. 518. *Nonsuit properly refused:* 172 N. W. 918; 172 N. W. 841; 81 So. 417; 757 Fed. 257. *Nonsuit was asked for only by the railroad and Supreme Court may reverse, modify, etc.:* Code Proc. 1912, secs. 12, 381; Rule 27 Sup. Ct. *Railroad liable unless plaintiff guilty of gross or wilful negligence:* 1 Civ. Code 1912, secs. 3222, 3230; *and such negligence of plaintiff was for the jury:* 45 S. C. 183; 25 S. C. 53; 33 Cyc. 934, 935. *As was question of whether it was negligence for the defendant not to have a flagman at the crossing:* 106 S. C. 131; 33 Cyc. 943-945.

*Charge complained of in 6th exception taken from 84 S. C. 126. See, also, 59 S. C. 99; 63 S. C. 533; 47 S. C. 375.*

July 26, 1920.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for the recovery of damages alleged to have been sustained by the plaintiff, through the wrongful acts of the defendants, and was commenced on the —— day of July, 1919.

The complaint contains these allegations:

"That on or about the 28th day of April, 1919, the plaintiff was struck and injured at a public crossing and traveled place within the corporate limits of the town of Denmark, in the county of Bamberg, S. C., by a locomotive with a train of freight cars attached thereto, operated, controlled, and managed by the defendants. And the plaintiff's injuries were caused by the joint and concurrent, negligent, reckless, and wanton conduct and management of the said locomotive, engine and train by the defendant, in that said defendants caused said engine and train to approach the said public crossing in utter disregard of human life, without ringing the bell or sounding the whistle of the said locomotive engine, as required by the statutory law of the State of South Carolina, and without ringing the said bell or sounding the whistle at all, without having a flagman at said crossing, and without observing any care or caution whatsoever, immediately after defendants had caused another freight train, being between plaintiff and the train above mentioned, to move across in the opposite direction and clear the said public crossing, the place where plaintiff was traveling, and then and there negligently, recklessly, wantonly and wilfully caused the said locomotive engine to strike and injure plaintiff as he was crossing the said public street."

The defendant denied the allegations of the complaint, and set up the defenses of contributory negligence and recklessness on the part of the plaintiff. The jury rendered a verdict in favor of the plaintiff for $20,000, and the defendants appealed upon exceptions, which will be reported.

First exception: It is alleged in the complaint: "That the defendant, Walker D. Hines, Director General of Railroads, is now and at the times hereinafter was, in possession of, in control of, and operating the lines of railroad of the Atlantic Coast Line Railroad Company."

Therefore the grounds upon which the defendant made the motion for a nonsuit appeared upon the face of the complaint. In the case of *Castle v. Ry.*, 99 S. E. 846, the defendant therein gave notice of a motion to set aside the service of the summons and complaint on the grounds that the said corporation was not liable to be sued in that action, and that the alleged agent upon whom the service was made was not an agent of the defendant, but was an agent of the United States government at the time of the alleged service. No objection was interposed therein, that such was not the proper remedy, which was not followed in the present case; nor was a demurrer interposed, on the ground that the allegations of the complaint were not sufficient to constitute a cause of action against it. Under these circumstances the defendant herein must be held to have waived the objection upon which it relied. Furthermore there was no prejudicial error, as his Honor, the presiding Judge, charged upon request of the defendants:

"That as between the defendants, Atlantic Coast Line Railroad Company and Walker D. Hines, Director General of Railroads, any amount which the plaintiff might recover in this case, if paid at all, as a matter of law, must and will be paid by the United States government, and not by the Atlantic Coast Line Railway Company."

Second exception: There was testimony tending to sustain all the material allegations of the complaint, and when considered in connection with the testimony introduced by the defendants, it was still susceptible of a reasonable inference in favor of the plaintiff.

Third, fourth, fifth, and sixth exceptions: What we have already said practically disposes of these exceptions.

The defendants also appealed from the order of his Honor, the Circuit Judge, settling the case for appeal to the Supreme Court, on the ground that unnecessary matters were required to be printed. The record contains 344 pages, the exceptions are about 5 pages, and the charge and the requests of the plaintiff and defendants which were charged contain about 15 pages, which were entirely unnecessary. Therefore the plaintiff is not entitled to tax disbursements for printing the record, or any part thereof, against the defendants. This appeal is sustained upon the merits of the case.

The judgment of the Circuit Court is affirmed.

Messrs. Justices Watts and Gage concur.

Mr. Justice Hydrick, dissenting in part. I concur in reversing the order settling the case, and in affirming the judgment against all the defendants, except the railroad company. I think the judgment against the company should be reversed.

Mr. Justice Fraser concurs.