[No. 14408.   Department One. — December 18, 1891.]

## S. N. D. SMULLEN, RESPONDENT, v. L. H. PHIL-LIPS, APPELLANT.

SLANDER — CHARGE OF THEFT. — The words "he is a thief," spoken by one person of another, impute a crime punishable by law, and are actionable *per se.*

ID. — VARIANCE IN WORDS SPOKEN — AMENDMENT OF COMPLAINT — NEW CAUSE OF ACTION. — In an action of slander, where the complaint alleged that the defendant said of the plaintiff, "He is a thief," and the testimony at the trial showed that the defendant's words were, "That thieving son of a ——, he stole two thousand five hundred dollars from me, and I can prove it," and the plaintiff amended his complaint by inserting the words proved, in lieu of those declared on, the amended complaint does not state a new cause of action.

PLEADING — COMPLAINT — AMENDMENT — RELATION — STATUTE OF LIMITATIONS. — Where the cause of action is the same in an amended complaint as in the original complaint, the action was commenced, within the meaning of the statute of limitations, when the original complaint was filed, and the amended complaint relates to the commencement of the action for the purposes of the statute.

ID. — NEW TRIAL. — Where the original complaint showed on its face that the cause of action therein stated was not barred by the statute of limitations at the time suit was brought, and an amended complaint introduced no new cause of action, it is proper for the trial court to grant a new trial because of an erroneous ruling that the cause of action set out in the amended complaint was barred by the statute of limitations.

APPEAL from an order of the Superior Court of Butte County granting a new trial.

The facts are stated in the opinion.

*John Gale,* and *M. C. Barney,* for Appellant.

The statute of limitations runs, as against the facts pleaded by way of amendment, until the amendment or amended complaint is filed. (*Meeks* v. *Southern Pac. R. R. Co.,* 61 Cal. 149; *Atkinson* v. *Amador & S. C. Co.,* 53 Cal. 102; *Anderson* v. *Mayers,* 50 Cal. 525; *Lawrence* v. *Ballou,* 50 Cal. 258; *Miller* v. *McIntyre,* 6 Pet. 61; *Root* v. *Lowndes,* 6 Hill, 521; 41 Am. Dec. 762. See Wood on Limitations, p. 14, note 4.) In actions of libel and slander, it is sufficient if the substance of the words constituting the slander are alleged and proved, but at least some of

the precise defamatory or actionable words spoken must
be alleged and proven, and there will be a material vari-
ance if the words laid are different from the words
proved, although they have the same meaning, purport,
and effect.   (*Flinn* v. *Barlow*, 16 Ill. 39; *Wallace* v. *Dixon*,
82 Ill. 202; Townshend on Slander and Libel, secs. 364,
et seq.; Starkie on Slander, 368–374; *Wilborn* v. *Odell*,
29 Ill. 456; 2 Greenl. Ev., sec. 414; *Smith* v. *Hollister*, 32
Vt. 695; *Berry* v. *Dryden*, 7 Mo. 324; *Birch* v. *Benton*, 26
Mo. 153; *Tucker* v. *Call*, 45 Ind. 31; *Wheeler* v. *Robb*, 1
Blackf. 330; 12 Am. Dec. 245.)

*H. V. Rearden*, and *M. G. Murphy*, for Respondent.

The original complaint stated a cause of action. All
language which occasions loss, actual or implied, is *prima
facie* actionable. (Townshend on Slander and Libel, 157.)
The filing of the amended complaint was not the com-
mencement of a new action, but a new statement of the
cause of action set out in the original complaint. It was
simply stating in a new form the slander laid in the first
complaint, and not a new cause of action that could be
met by a plea of the statute of limitations. (*Weston* v.
*Worden*, 19 Wend. 647; *Conroe* v. *Conroe*, 47 Pa. St. 198.)

FITZGERALD, C. — This is an appeal from an order
granting plaintiff's motion for a new trial.

The action is slander, and the words charged in the
original complaint as having been spoken by the de-
fendant of and concerning the plaintiff are: "He is a
thief." These words impute to the plaintiff, a crime
punishable by law, and are therefore actionable *per se.*

At the trial, the witness for plaintiff testified that the
words used by the defendant, at the time and place al-
leged, were as follows: "That thieving son of a ——,
he stole two thousand five hundred dollars from me, and
I can prove it."

This testimony was, on motion, stricken out, on the
ground of variance, and the plaintiff, after excepting to
the ruling of the court, moved for and obtained leave to

amend his complaint by inserting the words of the witness in lieu of those originally declared on.

The defendant, in his answer, specifically denies the material allegations of the amended complaint, and, among other matters of defense, avers that the alleged cause of action set out therein is barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure.

The trial was then proceeded with by the plaintiff recalling his witness, and propounding to him the following question: "State the language used by the defendant Phillips, at his store on November 6, 1888, in the presence of yourself and others, of and concerning the plaintiff, Smullen."

Counsel for the defendant here objected "to the introduction of any evidence in support of the cause of action set out in the amended complaint herein, upon the ground that the cause of action set out in said amended complaint is barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure."

The objection was sustained, and plaintiff, after excepting to the ruling of the court, rested his case.

The court, upon motion, then instructed the jury to find a verdict for the defendant, which they accordingly did, and judgment was entered thereon in favor of the defendant.

Plaintiff, in his notice of intention to move the court to vacate and set aside the verdict and judgment herein, and to grant a new trial, stated that it would be "made upon a statement of the case to be hereafter served, and upon the following grounds, viz.: 'Errors in law occurring at the trial, and duly excepted to by said plaintiff.'"

The following are the specifications of errors contained in the statement on motion for a new trial: "1. The court erred in striking out the testimony of the witness J. J. Rich, relative to the words used by the defendant given in support of the original complaint. 2. The court erred in sustaining defendant's objection to the testimony of the witness J. J. Rich, offered in

support of the cause of action set out in the amended complaint."

The order shows that the new trial was granted on the ground last stated, the first having been waived by the filing of the amended complaint.

The scandalous words laid in the original complaint are not qualified or altered in their sense or meaning by those proved to have been used by the defendant. The former are clearly embraced in the latter, and both substantially charge that the plaintiff is a thief. As the cause of action is the same, it is evident that the object and effect of the amended complaint was simply to obviate a variance by conforming the allegations thereof to the proof.

The action was commenced, within the meaning of the statute, when the original complaint was filed, and it follows that the amended complaint relates to the commencement of the action; and as the original complaint shows on its face that the cause of action therein stated was not barred by the statute of limitations at the time it was brought, it follows that the new trial was properly granted by the court below on the ground stated in the order.

The order appealed from should be affirmed, and we so advise.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.