[Civ. No. 7411. Second Appellate District, Division One.—September 22, 1932.]

ED. J. HILL, Respondent, v. W. H. HESSE et al., Defendants; BERTHA MITCHEL, Appellant.

Porter C. Blackburn for Appellant.

Irl D. Brett for Respondent.

YORK, J.—At the request of defendant Hesse, as contractor, the plaintiff furnished certain building materials for use upon and actually used in the construction of a building upon a lot of land owned by the defendant Mitchel. Defendant Mitchel had no contractual relation with plaintiff. Said materials so furnished by plaintiff not being paid for, the plaintiff, under date of February 21, 1929, which was within ninety days after actual completion of the building, filed a notice of mechanic's lien against defendant Mitchel's property for the sum of $429.75. Within ninety days thereafter, to wit, on the twenty-first day of May, 1929, said plaintiff and defendant Mitchel entered into a written agreement whereby it was provided that defendant Mitchel granted to plaintiff "ninety days' extension of time within which to foreclose his said lien". On August 19, 1929, plaintiff filed his complaint for foreclosure of his said lien, and upon trial it was decreed that plaintiff was entitled to a lien for the sum of $411.65 against the premises of defendant Mitchel, and a personal judgment for the sum of $429.75 was entered against defendant Hesse.

In support of her appeal, defendant Mitchel contends that the execution of the purported agreement does not constitute an extension of credit within the meaning of section 1190 of the Code of Civil Procedure; that there is no evidence by the execution of such agreement to show that such extension was at the special instance and request of appellant; and that there was no consideration for the execution of the said agreement.

Section 1190 of the Code of Civil Procedure reads as follows: "No lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given and notice of the fact and terms of such credit be filed in the office of the County Recorder subsequent to the filing of such lien and prior to the expiration of said ninety

days period, then ninety days after the expiration of such credit; . . . ''

The agreement entered into between the parties provided as follows: ''Now therefore, it is hereby understood and agreed that the said Bertha K. Mitchel hereby grants to Ed. J. Hill Ninety (90) days extension of time within which to foreclose his said lien. It being understood, however, that this extension of time does not admit the validity of the said claim of lien by the said Ed. J. Hill, but is simply to grant him the privilege of foreclosing his said lien if in fact it be subsequently proven that he has such.'' There is no evidence of any ''extension of credit'' by the creditor to the debtor, nor even to appellant. Notwithstanding the terms of this agreement, plaintiff retained the right immediately to commence his action. But he did not forthwith commence the action. He relied upon appellant's agreement as a waiver of the statute of limitations. He was justified in so doing. This appears from the recital in the agreement, that appellant had no knowledge concerning the merits of the claim, but did desire to pay all just claims against the property; that the time for foreclosure was about to expire, and the claimant had applied for an extension therefor, which appellant was willing to grant without admitting liability for said claim; ''now therefore'', appellant granted to the claimant ninety days' extension of time within which to foreclose his said lien.

This was a valid waiver. Section 1190 of the Code of Civil Procedure is merely a statute of limitations. (*Mox, Inc.,* v. *Leventhal,* 89 Cal. App. 253 [264 Pac. 562].) The benefit of such statute may be waived. (*S. L. Jones & Co.* v. *Davis,* 65 Cal. App. 164, 173 [223 Pac. 560].) We think that the waiver having been executed in writing, and respondent having relied and acted thereon for the reasons stated therein, the contention of appellant that there was no consideration for such waiver should not be sustained. A written agreement is presumptive evidence of a consideration. (Civ. Code, sec. 1614.) Here we have no evidence to the contrary, nor is there any bill of exceptions or reporter's transcript showing what evidence was produced at the trial.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1932, and the following opinion then rendered thereon:

· THE COURT.—The petition is denied. In making this order we hereby add to the opinion a citation of *Hughes Brothers* v. *Hoover*, 3 Cal. App. 145, 150 [84 Pac. 681], where it was held by this court that, for reasons there stated, section 1190 of the Code of Civil Procedure is not directed to the extinguishment of the lien itself, but is only a legislative provision with reference to the remedy. This being so, we see no reason why the general rule concerning the right of waiver of the limitation of time for commencement of the action may not apply.