[Civ. No. 18571. First Dist., Div. One. Feb. 15, 1960.]

WELDON L. RICHARDS et al., Appellants, v. HILLSIDE
DEVELOPMENT COMPANY, INC. (a Corporation)
et al., Respondents.

Byers, Howell & Elson for Appellants.

Robert J. Foley and Lawrence D. Saler for Respondents.

TOBRINER, J.—In this case the court sustained a demurrer without leave to amend to appellants' first amended complaint for foreclosure of a mechanic's lien. Respondents' demurrer rested upon the proposition that the complaint showed upon its face that Code of Civil Procedure, section 1198.1, barred the action. This appeal, which lies from the resulting judgment for respondents, is predicated upon three grounds: (1) the section does not preclude the action; (2) the complaint states a cause of action on a common count; and (3) the court should have granted leave to amend. For the reasons which we set out hereinafter we have concluded that these grounds defeat the judgment.

The original complaint, which the parties agree was filed on February 11, 1958, was voluntarily amended, entitled ''First Amended Complaint,'' and filed as a second pleading on April 3, 1958. Appellants allege that during the period from September 9, 1955, to January 9, 1957, pursuant to a contract with respondent Hillside Development Company, they constructed and furnished materials for streets, sewers, and water mains in a tract in Contra Costa County. For this work the contract obligated respondents in the amount of $53,769.75 but they have not made the final payment of $6,000. On January 21, 1957, appellants filed with the county recorder claims for mechanics' liens, subsequently releasing

those for certain described lots. On April 19, 1957, the appellants filed the notice specified in the section extending credit to the respondents for a period of 70 days from this filing.

Appellants, on September 1, 1957, granted respondents a second extension of credit to November 15, 1957, but, in this instance, failed to file notice of such extension until November 4, 1957. Neither notice of extension bore respondents' signature.

Later, on December 1, 1957, respondent Hillside conveyed the property involved to Howard and Jenny Thulin, husband and wife. On November 10, 1954, the city of El Cerrito adopted an ordinance which required that the city accept the type of improvements constructed by the appellants. The city has not accepted appellants' work.

Appellants requested judgment against each of the respondents for $6,000, plus interest; a foreclosure of their lien; and execution against Hillside Development Company if any deficiency exists. We proceed with a separate analysis of each basis of the appeal.

Appellants' main contention, that section 1198.1 of the Code of Civil Procedure does not bar this foreclosure action, presents a case of first impression to this court. The problem involves four subissues: (1) whether a mutual agreement is necessary for an extension of credit, and whether appellant could plead such agreement; (2) whether more than one extension of credit may be given; (3) whether, after a lien has become barred under section 1198.1 for failure to commence enforcement proceedings, an extension of credit may be filed so as to revive the right to foreclose; and (4) whether the city's acceptance of street improvements, required by ordinance, is the "time the work is completed" within the meaning of section 1198.1, subdivision (a). We consider the subissues in the listed order.

As to the first subissue, we believe that while mutual agreement is requisite to an extension of credit, the complaint here could have been amended to that end. The time within which a contractor may foreclose his mechanic's lien may be lengthened by an extension of credit to the debtor under section 1198.1.* In specifying the period of time for

*Section 1198.1 in the form pertinent to this case, and prior to the 1959 amendment, provided as follows: "(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce the same be commenced in a proper court

which the lien binds the property, section 1198.1, subdivision (a), does no more than set up a statute of limitations. (*Mox, Inc.* v. *Leventhal* (1928), 89 Cal.App. 253, 255 [264 P. 562]; *Wells* v. *California Tomato Juice, Inc.* (1941), 47 Cal.App.2d 634, 638-639 [118 P.2d 916]; *Hughes Brothers* v. *Hoover* (1906), 3 Cal.App. 145, 150 [84 P. 681].) ▉▉▉ Obviously such a statutory bar works to the advantage of the debtor, who, in this case, is the party whose property is subject to the lien. That the parties may waive the bar appears quite clearly from the case of *Hill* v. *Hesse* (1932), 126 Cal.App. 171 [14 P.2d 338, 15 P.2d 526]. There the lien claimant and the property owner, prior to the expiration of the 90 days from the filing, entered into an agreement extending the time within which the mechanic's lien could be foreclosed; the opinion does not indicate that the parties ever filed notice of the agreement with the county clerk. The court upheld the claimant's action to foreclose the lien even though the 90-day limitation had expired.

While the property owner and the lien claimant may prolong the credit, such extension requires mutual agreement. (*Woolwine* v. *Storrs* (1905), 148 Cal. 7, 10 [82 P. 434, 113 Am. St.Rep. 183] [holding request by maker of note for extension of time did not extend statute of limitations where holder did not agree to such extension].) The first amended complaint, however, did not specify any agreement for either extension. While such averment of agreement is essential (*Pierce* v. *Merrill* (1900), 128 Cal. 464, 472 [61 P. 64, 79 Am.St.Rep. 56]), the defect, as appellants allege, could be corrected by amendment.

▉▉▉ Turning to the second subsidiary question, as to whether a multiple number of credit extensions may be granted, we find no prohibitory language to that effect·in the section. Since section 1198.1, subdivision (a), allows credit to be extended up to one year from the date "the work is

and notice of pendency of such proceedings be filed as provided in Section 409. If a credit be given and notice of the fact and terms of such credit be filed in the office of the county recorder subsequent to the filing of such lien and prior to the expiration of said 90-day period, then such lien continues in force until 90 days after the expiration of such credit, but no lien continues in force by reason of any agreement to give credit for a longer time than one year from the time the work is completed. . . . (b) As against any purchaser or encumbrancer for value and in good faith whose rights are acquired subsequent to the expiration of the 90-day period following the filing of such lien, no giving of credit . . . shall be effective unless evidenced by a notice or agreement filed for record in the office of the county recorder prior to the acquisition of the rights of such purchaser or encumbrancer."

completed," the court is not impelled to require that this period of time be encompassed in only one extension of credit. Respondents' contention that the statute must be restricted to only one such extension because of its use of the singular form violates the underlying concepts of mechanic's lien laws. To interpret section 1198.1, subdivision (a), in this manner would both defeat the reasoning which we have described above and abrogate the liberal construction applicable to such laws. ██ Because this is a statute which seeks to protect those who have incorporated their labor and materials in another's property, it is to be interpreted to safeguard the rights of the workers and builders. ██ Since the filing provisions of section 1198.1, subdivision (a), seek such protection, they should not be construed to prohibit multiple extensions of credit which would serve not to harm but to protect the beneficiaries of the statute.

██ The third subissue raises the question whether an extension of credit, filed after the lien terminates for failure to commence enforcement proceedings, revives the right to foreclose. While at first glance subdivision (b) may seem to overlap and conflict with subdivision (a), the sections are reconcilable because they deal with different interests. Subdivision (a), specifying the time a lien binds the property, constitutes, as we have pointed out, a statute of limitations which may be waived. Subdivision (b) on the other hand prohibits a foreclosure only against the "purchaser or encumbrancer for value and in good faith" whose rights have been acquired subsequent to the expiration of the 90-day period following the filing of the lien. Since subdivision (a) may be viewed as a statute of limitations and may be waived; since subdivision (b) expressly applies to purchasers and encumbrancers for value, we conclude that noncompliance with the literal provisions of subdivision (a) bars the lienholder from foreclosing only against those persons described in subdivision (b).

██ In light of our construction of the section we review the facts. The first extension of credit was filed in time, but expired on June 28, 1957. Thereafter, appellants had 90 days to file their second notice of credit extension. Within this 90 days, on September 1, 1957, the appellants granted a second extension of credit, but failed to record the notice until November 4, 1957, and thus did not comply with the literal provisions of subdivision (a). Subdivision (b), during this period from September 1, 1957, to November 4, 1957, prevented the

assertion of the lien against purchasers or encumbrancers for value and in good faith. Since the Thulins did not acquire their interest until December 1957 the problem of whether or not they were bona fide purchasers is not material. This second credit, effective as to the parties, expired on November 15, 1957; hence, appellants enjoyed a 90-day grace period, until February 13, 1958, to foreclose their lien. Within this period, on February 11, 1958, appellants filed their original foreclosure complaint, and since the amended complaint of April 3, 1958, only attempted to state the same cause of action as the original complaint, this date of February 11 is the controlling one and suffices to save the lien. (*Smullen* v. *Phillips* (1891), 92 Cal. 408, 411 [28 P. 442].)

The fourth and last subissue turns on whether the failure of the city to "*accept*" the work avoids the prohibition of the section against extending credit for more than "one year from the time the work is *completed.*" (Italics added.) We believe the identification of "completion" with "acceptance" in section 1184.1 of the Code of Civil Procedure is applicable here. That section affords a person who furnishes labor and material in the construction of streets and sewers a lien upon the tract within which these improvements are made. Section 1193.1 of the Code of Civil Procedure limits the time within which the contractor may file his claim of such a lien; subdivision (e) of that section reads: "If a work of improvement is of the character referred to in Section 1184.1 of this code and is subject to acceptance by any public or governmental authority, the *completion* of such work of improvement shall be deemed to be the date of such acceptance." (Italics added.) While 1198.1 refers to the time within which suit for foreclosure must be commenced, and 1193.1 refers to the time within which a claim for a lien must be filed, a ruling that the "completion of the work" refers to a different time in one section as contrasted to the other would create diversity where there should be uniformity.

Since appellants have pleaded a city ordinance requiring acceptance of their work and since the city has not so accepted it, we conclude that appellants did not extend credit for a period longer than a year from the date the work was completed. Indeed, the complaint alleges that the work is still not completed within the meaning of section 1193.1. The original complaint was not barred by that portion of section 1198.1.

Respondents' citation of *Yost* v. *Roux* (1915), 27 Cal.App.

307 [149 P. 781], and *Meyer* v. *City Street Improvement Co.* (1913), 164 Cal. 645 [130 P. 215], does not support their claim that section 1198.1, subdivision (a) cannot be consistently construed with section 1193.1, subdivision (e). Yost, interpreting the mechanic's lien legislation then in force, holds that the materialman has "the option either to file his claim with reference to the time he ceases to furnish materials or labor, or to wait and take his chances of knowing just when the building is deemed completed . . ." (p. 312) and does not touch upon the instant issue. As to Meyer, respondents erroneously assert that the "question decided" in that case "is identical to that . . . before the Court," arguing that the court in interpreting the then section 1190 of the Code of Civil Procedure stated that this section governed "all liens provided for in the chapter." (P. 650.) The key question here, however, is not the governance of section 1198.1, subdivision (a), but the meaning of the word "completed" contained within it. We see nothing in Meyer which precludes the identity of "completion" in that section with "completion" as equivalent to acceptance in section 1193.1, subdivision (e).

 We turn to the next basic question as to whether or not appellants could have proceeded against respondent Hillside Development Company upon a common count, and, if so, whether the appellants could have pleaded, as distinguished from a count for foreclosure, a separate common count. Even assuming section 1198.1 bars a mechanic's lien, section 1200 of the same chapter provides that "[n]othing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished . . . to maintain a personal action to recover said debt against the person liable therefor. . . ."

 The decisions have held that the failure to recover upon a mechanic's lien does not preclude a personal judgment against the party contracting for the labor and materials. (*Marchant* v. *Hayes* (1898), 120 Cal. 137 [52 P. 154].) Thus in *Robinson* v. *Peardon* (1952), 112 Cal.App.2d 794 [247 P.2d 83], the plaintiffs, suing upon a common count for labor and materials furnished for repair of defendant's building, obtained judgment; on appeal the defendant disclaimed liability upon the ground plaintiffs had not established a lien. In affirming the court held that the sole issue in the case was whether the work was done at the "instance and request of" the defendant.

 Since the original complaint pleaded facts which indicated appellants were entitled to a personal judgment against respondent Hillside Development Company, the court should have allowed leave to amend as against it. Thus in *Campbell* v. *Veith* (1953), 121 Cal.App.2d 729 [264 P.2d 141], the appellate court reversed a trial court's sustaining of a demurrer inasmuch as the complaint indicated that plaintiff might have been able to state a cause of action; the court said, "It is the general rule that if a complaint can be sustained on any theory it is not vulnerable to a general demurrer (*Schumm* v. *Berg,* 37 Cal.2d 174, 183 [231 P.2d 39, 21 A.L.R.2d 1051].) The subject matter of an action and the issues involved are determinable from the facts alleged, rather than from the title of the pleading or the character of recovery suggested in connection with the prayer for relief." (P. 732.) Nor is respondents' citation of *Hays* v. *Temple* (1937), 23 Cal.App.2d 690 [73 P.2d 1248], appropriate in that it does not apply in a case in which the same set of facts entitle a plaintiff to two remedies, one of which is barred.

We conclude that the trial court abused its discretion in refusing leave to amend the complaint to state a cause of action on a common count as well as a cause of action for foreclosure. (2 Witkin, California Procedure, § 505(1), p. 1496.) We further conclude, as above stated, that section 1198.1 of the Code of Civil Procedure does not bar this action.

We reverse the judgment.

Bray, P. J., and Duniway, J., concurred.