[Civ. No. 10033. Third Dist. Jan. 12, 1961.]

RAY DORER, Appellant, v. GILBERT L. McKINZEY et al., Defendants; DAVID C. ROSE et al., Respondents.

Thomas F. Sargent and Cameron & Higgins for Appellant.

Berliner & Wetherall for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment denying foreclosure of a mechanic's lien.

On August 22, 1957, appellant recorded a timely notice of a claim of lien in the amount of $1,002.98 for labor and materials furnished by him and used by the defendant McKinzey in the construction of a house for the respondents. On November 18, 1957, appellant recorded a notice of extension of credit to December 26, 1957, for payment of the amount of the claimed lien. The present action to foreclose the lien, instituted on February 28, 1958, was found by the trial court to be barred by section 1198.1 of the Code of Civil Procedure, which provides, in part, as follows:

"(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce the same be commenced in a proper court. . . . If a credit be given and notice of the fact and terms of such credit be filed in the office of the county recorder subsequent to the filing of such lien and prior to the expiration of said 90-day period, then such lien continues in force until 90 days after the expiration of such credit, . . . ."

The trial court's judgment was based on findings that the respondents did not request nor agree to any extension of credit. It was not necessary that they do so. *Richards* v. *Hillside Development Co.*, 177 Cal.App.2d 776 [2 Cal.Rptr. 693], upon which respondents heavily rely, is clearly distinguishable. In that case the owner of the property against which the lien was claimed was the principal debtor. Not so herein. The respondents did not incur the indebtedness and it does

not appear that they assumed the obligation. Consequently, appellant could not extend credit to the respondents. ▮ Although appellant could have attempted to procure from respondents a waiver of the statutory limitation upon the time for commencement of the foreclosure proceedings (see *Hill* v. *Hesse,* 126 Cal.App. 171 [14 P.2d 338, 15 P.2d 526]), his failure to do so would not preclude his granting an extension of credit to his debtor, the defendant McKinzey thereby continuing the lien in force.

Although the appellant alleged and respondents denied that appellant extended credit to the defendant McKinzey pursuant to his request therefor, that issue so raised by the pleadings was eliminated by the pretrial conference order and no evidence was offered or finding made in respect thereto. It cannot be ascertained from the record why the decisive issue as to the extension of credit to the defendant McKinzey was not referred to in the pretrial order. Appellant may have conceded that he did not extend credit to the defendant McKinzey or the respondents may have admitted that he did but we think it more likely that both the court and counsel labored under the misapprehension that any extension of credit to the defendant McKinzey would not continue the lien in force. Under the circumstances, the case must be remanded to permit the parties to litigate if they so desire the question of the extension of credit to the defendant McKinzey.

The judgment is reversed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.