EAST, Senior District Judge:
 

 This is an appeal from the judgment of the United States District Court for the Northern District of California entered on July 8, 1977. The judgment reversed the March 15, 1977 order of the Bankruptcy
 
 *1280
 
 Judge and held that the mechanic’s lien in dispute should be satisfied as a valid preference. We. note jurisdiction and affirm.
 

 FACTS
 

 On September 9, 1975, Bay Area Design Group (Group) filed a valid mechanic’s lien pursuant to California Civil Code § 3110 against certain real property belonging to Paul Potts Builders, Inc. Group did not commence an action to foreclose on the lien until December 9, 1975, 91 days after recor-dation of the lien. The suit was held to be untimely under California Civil Code § 3144, which prescribes a 90-day period from recordation for foreclosure of a mechanic’s lien.
 

 On February 24, 1976, a petition for bankruptcy was filed by Paul Potts Builders, Inc. The bankrupt’s trustee William B. Grover (Trustee) moved the bankruptcy court to declare the lien void. On March 15, 1977, the bankruptcy court held that the right to the lien itself had expired because a foreclosure action was not timely brought. On June 28, 1977, the District Court reversed and held that Group held an equitable right under the California constitutional lien
 
 [1]
 
 requiring satisfaction thereof as a “preference” under 11 U.S.C. §§ 96 and 107.
 

 ISSUE ON APPEAL
 

 The sole issue on appeal is whether the failure of Group to timely file suit to foreclose its valid mechanic’s lien pursuant to § 3144 of the California Civil Code merely bars the right to foreclosure or whether it extinguishes the lien itself, precluding its satisfaction as a preference from the proceeds of the bankruptcy sale. This includes the question of how to characterize § 3144: whether it functions as merely a procedural limitation on the right to foreclose or whether its delimits the substantive right under a mechanic’s lien in non-foreclosure circumstances; i. e., preferential status in bankruptcy.
 

 ANALYSIS
 

 If a mechanic’s lien is valid under state law, federal bankruptcy law recognizes that lien as being a valid preference requiring satisfaction before the claims of nonsecured creditors. 11 U.S.C. § 96;
 
 Greenblatt v. Utley,
 
 240 F.2d 243 (9th Cir. 1956). Resolution of this case on appeal thus requires interpretation of California law to determine whether the failure to timely file for foreclosure prevented the lien from becoming a valid preference.
 

 The California constitutional provision is not self-executing, however, and is inoperative except as implemented by the legislature through its power to reasonably regulate and provide for the exercise of the right, the manner of its exercise, the time when it attaches, and the time within which and persons against whom it may be enforced.
 
 Frank Curran Lumber Co. v. Eleven Co.,
 
 271 Cal.App.2d 175, 76 Cal.Rptr. 753 (1969).
 
 See Borchers Bros. v. Buckeye Incubator Co.,
 
 59 Cal.2d 234, 28 Cal.Rptr. 697, 379 P.2d 1 (1963).
 

 The California legislature has enacted California Civil Code § 3110 to implement the constitutional right to a mechanic’s lien. That section describes the persons entitled to a lien, the circumstances in which such a lien arises and the value of the lien.
 
 [2]
 

 
 *1281
 
 Section 3144 speaks to California’s constitutional mandate that the legislature provide for the “speedy and efficient enforcement of such liens.” It provides in relevant part:
 

 “No lien provided for in this chapter [governing mechanic's liens] binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court.”
 
 [3]
 

 The Trustee contends that the failure to comply with the requirements of § 3144 extinguishes the right to the lien itself and that § 3144 is not merely a procedural limitation to the bringing of foreclosure suits. He relies principally on California Court of Appeal decisions which contain language to the effect that the 90-day limit terminates the right to a lien.
 
 [4]
 

 Group’s argument is based on two theories. Its first theory is that § 3144 is a statute of limitations only and hence it cannot extinguish the substantive right to a lien. The first theory is supported by a line of California Court of Appeal cases whose characterization of § 3144 appears to be in direct conflict with those cited by the Trustee.
 
 [5]
 
 These cases even go so far as to state that § 3144 has to be merely a statute of limitations; they reason that because the right to a mechanic’s lien is provided by the California Constitution, the legislature may only provide a remedy and cannot terminate the right.
 

 The second prong of Group’s argument is that § 3144 does not terminate the right to a lien because the right to a lien is distinct from the right to foreclose. This argument is based on a California Supreme Court case,
 
 Raisch v. Myers,
 
 27 Cal.2d 773, 167 P.2d 198 (1946), which draws such a distinction and holds that equitable rights to a lien exist in certain non-foreclosure circumstances despite the failure to timely foreclose.
 

 The California Court of Appeal cases relied on by both the Trustee and Group for the opposing positions that § 3144 is and is not merely a statute of limitations are inap-posite here, inasmuch as each of these cases involved a suit for foreclosure, while the instant case involves the right to a lien in a bankruptcy proceeding. The issues presented in these foreclosure cases were resolved by characterizing § 3144 as a statute of limitations and then determining if its requirements were met.
 

 The holdings in the two opposing lines of Court of Appeal cases turn on the strictness with which the requirements of § 3144 will be applied and not on a determination that § 3144 is merely a procedural limitation or, alternatively, a substantive right. In the cases relied on by the Trustee, the courts found the disputed foreclosure suits barred by the statute of limitations because the plaintiffs therein had failed to comply with the statutory requirements. In the cases relied on by the Group, the courts found the disputed foreclosure suits not barred by the statute of limitations, because either the
 
 *1282
 
 requirements of § 3144 (or its predecessors, [Code Civ.Proc.] §§ 1190 and 1198.1) were met and were properly waived, or the limitations period was tolled. The cases can perhaps be reconciled by the fact that those which found the statute a bar involved gross deviations from statutory requirements or supervening rights of bona fide purchasers, while the cases finding the statute not to be a bar involved a waiver of statutory requirements by the defendant or tolling of the statute by intervening proceedings which prevented plaintiff’s timely foreclosure. In any event, there is no dispute in the present case that the statutory requirements for foreclosure of § 3144 were not met. If the Group were seeking to foreclose the lien, § 3144 would shield the Trustee from a foreclosure of the mechanic’s lien.
 

 The California Supreme Court has not passed on the specific issue presented here with regard to § 3144. However, in the
 
 Raisch
 
 case, that Court considered a similar issue of whether a lien of assessment continued to exist though the remedy of foreclosure was barred by California Civil Code § 329.
 
 Raisch
 
 involved a non-foreclosure situation in which a property owner sought to disturb the status quo and gain an affirmative advantage over the lienholder, similar to the case at hand.
 
 Raisch
 
 distinguished the right to a lien from the right to foreclose, and held that an equitable right to a survival of the status of the lien arises in those circumstances. This, we believe, presents the solution to the instant case most likely to be adopted by the California Supreme Court if the issue were presented to that Court today.
 

 In
 
 Raisch,
 
 the Court considered the rights of a junior lienholder whose foreclosure remedy was barred by the applicable statute of limitations. It held that these rights prevailed over the property owner’s claim to surplus proceeds of a sale occasioned by foreclosure of a superior lien. Although the case dealt with a street assessment lien controlled by the provisions of a municipal ordinance, the Court applied an equitable principle drawn from cases not controlled by municipal ordinance.
 
 [6]
 
 The Court in
 
 Raisch
 
 thought:
 

 “While the statute of limitations, where used to maintain the status quo, applies in its full vigor to protect a defendant property owner from the successful prosecution of a foreclosure action in enforcement of a lien against the premises, the pleading of such statute should not avail a property owner to the prejudice of a subordinate lien claimant in the extin-guishment of a valid lien where the status quo is disturbed by foreclosure of a superior lien.
 
 Cf. Goldwater v. Hibernia Sav., etc. Soc.,
 
 19 Cal.App. 511, 516, 126 P. 861, 863. In the state of the record as analyzed, equally applicable here are the equitable principles governing cases where the property owner seeks affirmative relief in a quiet title action against an outstanding lien that cannot be foreclosed by reason of the bar of the statute of limitations.
 
 In the one as in the other situation, the property is still subject to the lien and the lien claimant will be protected as against a property owner seeking an affirmative advantage without doing equity as the circumstances require. Bradley Co. v. Ridgeway,
 
 14 Cal. App.2d 326, 336, 58 P.2d 194.” 27 Cal.2d at 779, 167 P.2d at 202 (emphasis added).
 

 This principle is also affirmed in Witkin on Procedure, which states:
 

 “The statute [of limitations] may be used only as a ‘shield’ and not as a ‘sword,’
 
 i. e.,
 
 it can only be set up as a defense to a suit on the obligation, and cannot be invoked affirmatively by a debtor plaintiff as the foundation of a right.
 
 The princi
 
 
 *1283
 

 pal illustrations are equitable actions by a pledgor or mortgagor to quiet his title to mortgaged property or prevent a pledge sale after the statute has run on the debt;
 
 but the doctrine has been applied in other equitablé actions. It rests on the equitable principle that he who seeks equity must do equity. (See
 
 Puckhaber
 
 v.
 
 Henry
 
 (1907) [152] C. [Cal.] 419, 423, 93 P. 114;
 
 Raisch v. Myers
 
 (1946) 27 C. [Cal.] 2d 773, 779, 167 P.2d 198;
 
 Bradley Co. v. Ridgeway
 
 (1936) 14 C.A. [Cal.App.] 2d 326, 336, 58 P.2d 194;
 
 Olinda Irr. Lands Co. v. Yank
 
 (1938) 27 C.A. [Cal.App.] 2d 56, 61, 80 P.2d 170; 63 Harv.L.Rev. 1248.)” 2 B. Witkin, California Procedure,
 
 Actions
 
 § 228 (2d ed. 1970) (emphasis added).
 

 Thus,
 
 Raisch
 
 establishes that there is a distinction between the lien itself and the right to foreclose. Even when the right to foreclose is barred, the equitable interest under the lien is not extinguished if the underlying obligation continues to exist. The lien claimant retains equitable rights against the owner which can be satisfied when the owner disturbs the status quo and attempts to gain an affirmative advantage.
 

 CONCLUSION
 

 The situation at hand is closely analogous to
 
 Raisch
 
 in that the Trustee has similarly disturbed the status quo by seeking the aid of the Court of Bankruptcy. In such circumstances,
 
 Raisch
 
 would dictate that he who seeks equity must do equity, and the Group has an equitable right to satisfaction of its lien as a valid preference. Section 3144 is merely a procedural limitation on the right of foreclosure and cannot be used as a sword by the Trustee. It is instructive to note that had one of the superior lien-holders in the present case foreclosed, the situation would be identical to
 
 Raisch.
 
 In our case, a trustee in bankruptcy, who stands in the shoes of the property owner, is seeking the aid of the Bankruptcy Court’s equitable powers; this relationship between the parties should not alter the result and, if anything, strengthens the Group’s equities.
 

 In the instant case, as in
 
 Raisch,
 
 this result will not prejudice any third parties because superior liens on the property have been satisfied and there are no bona fide purchasers.
 
 [7]
 
 The lien is valid under California constitutional and statutory law and should be granted a valid preference under 11 U.S.C. §§ 96 and 107. The judgment of the District Court is, therefore, affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Art. 14, § 3 of the California Constitution provides:
 

 “Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens.”
 

 [2]
 

 . Section 3110 reads as follows:
 

 “Mechanics, materialmen, contractors, subcontractors, lessors of equipment, artisans, architects, registered engineers, licensed land surveyors, machinists, builders, teamsters, and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services on, or furnishing materials or leasing equipment to be used or consumed in or furnishing appliances, teams, or power contributing to a work of improvement shall have a lien upon the property upon which they have bestowed labor or furnished materials or appliances or leased equipment for the value of such labor done or materials furnished and for the value of the use of such appliances, equipment, teams, or power whether done or furnished at the instance of the owner or of any person
 
 *1281
 
 acting by his authority or under him as contractor or otherwise. For the purposes of this chapter, every contractor, subcontractor, sub-subcontractor, architect, builder, or other person having charge of a work of improvement or portion thereof shall be held to be the agent of the owner.”
 

 [3]
 

 . There is also a general lien provision, California Civil Code § 2911, which provides in pertinent part:
 

 “A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, either:
 

 “1. An action can be brought upon the principal obligation, or . .”
 

 [4]
 

 .
 
 States Shingle Co. v. Kaufman,
 
 227 Cal. App.2d 830, 39 Cal.Rptr. 196 (1964);
 
 Howard v. Societa Di Unione, etc.,
 
 62 Cal.App.2d 842, 145 P.2d 694 (1944);
 
 Union Tank & Pipe Co. v. Mammoth Oil Co.,
 
 134 Cal.App. 229, 25 P.2d 262 (1933).
 

 [5]
 

 .Petersen v. W. T. Grant Co.,
 
 41 Cal.App.3d 217, 115 Cal.Rptr. 874 (1974);
 
 Robinson v. S & S Development,
 
 256 Cal.App.2d 13, 63 Cal. Rptr. 663 (1967);
 
 Hughes Bros. v. Hoover,
 
 3 Cal.App. 145, 84 P. 681 (1906).
 
 Accord: In re Etherton,
 
 88 F.Supp. 874, 876-77 (S.D.Cal. 1950);
 
 Richards v. Hillside Development Co.,
 
 177 Cal.App.2d 776, 2 Cal.Rptr. 693 (1960);
 
 Hill v. Hesse,
 
 126 Cal.App. 171, 14 P.2d 338, 15 P.2d 526 (1932);
 
 Mox, Inc. v. Leventhal,
 
 89 Cal.App. 253, 264 P. 562 (1928).
 

 [6]
 

 . The Court cites
 
 Warden v. Barnes,
 
 111 Cal. App. 287, 295 P. 569 (1931), (involving a statutory street assessment lien);
 
 Sawyer v. Berkeley Securities Co.,
 
 99 Cal.App. 545, 279 P. 217 (1929), (involving a statutory tax lien); Green v.
 
 Palmer,
 
 68 Cal.App. 393, 229 P. 876 (1924), (involving a statutory tax lien) for the proposition that “[in] an action in equity, title cannot be quieted in favor of a party, extinguishing a valid lien upon real property, without requiring the person in whose favor the judgment is entered, to do equity.”
 
 Raisch
 
 v.
 
 Myers,
 
 27 Cal.2d at 779, 167 P.2d at 201.
 

 [7]
 

 .
 
 Compare: Riley v. Peters, 194
 
 Cal.App.2d 296, 15 Cal.Rptr. 41 (1961);
 
 Paramount Securities v. Daze,
 
 128 Cal.App. 515, 17 P.2d 1049 (1933), where bona fide purchasers under trust deeds sought to use running of limitations on foreclosure of mechanic’s lien as a sword against the lienholder and the Court approved.